Argued and submitted March 14, reversed and remanded April 27, reconsideration
denied June 3, petition for review allowed June 21, 1983 (295 Or 259)
See 295 Or 619, 669 P2d 324 (1983)

## BUSH,
*Respondent,*

*v.*

## GREYHOUND LINES, INC.,
*Appellant.*

(A8108-05286; CA A25863)

662 P2d 25

Robert R. Hollis, Portland, argued the cause and filed
the briefs for appellant.

Steve Brischetto, Portland, argued the cause and filed
the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff, who is confined to a wheelchair, brought this action against the defendant bus operator because of alleged discrimination on account of plaintiff's handicap. As it went to the jury, plaintiff's complaint alleged two causes of action: Count I based on ORS 659.425 and 30.670, and Count II for breach of a "contract to provide carriage."[1] The jury found for plaintiff on Count I and for defendant on Count II. Defendant appeals from the judgment entered on the jury verdict for plaintiff, claiming that the trial court erred in denying defendant's motion to dismiss Count I. The issue is whether the statutes relied on by plaintiff authorize maintenance of a private cause of action. We hold that they do not and, therefore, reverse.

Plaintiff argues the Public Accommodations Act, ORS 30.670 to 30.685, and the civil rights statutes, ORS chapter 659, as the collective basis for his cause of action. While acknowledging that neither chapter *specifically* authorizes such an action, he argues that both are ambiguous, and therefore, we should construe them together as containing a legislative intent to include disabled persons in the protection given to other victims of discrimination and, by doing so, allow him a private cause of action.

The Public Accommodations Act provides a cause of action for persons discriminated against "on account of race, religion, sex, marital status, color or national origin" only and not on account of handicap. ORS 30.680. The statute that prohibits discrimination against the handicapped by places of public accommodation, ORS 659.425(4),[2] does not provide for a civil cause of action for its violation, and other statutes make it clear that its enforcement is committed, at least in the first instance, to the Commissioner of Labor and Industries (Commissioner).

---

[1] Plaintiff's complaint originally alleged causes of action on other theories of recovery that were either dismissed by the trial court or withdrawn by plaintiff.

[2] ORS 659.425(4) provides:

"(4) It is an unlawful practice for any place of public accommodation, resort or amusement as defined in ORS 30.675, or any person acting on behalf of such place, to make any distinction, discrimination or restriction because a customer or patron is a handicapped person."

ORS 659.400 to 659.435 define various "unlawful employment practices" as well as "unlawful practice," ORS 659.425(4).[3] The only remedy for a person aggrieved by any of the outlawed practices is provided for in ORS 659.435, which states:

> "Any person claiming to be aggrieved by an unlawful employment practice may file a complaint under ORS 659.040, and any person claiming to be aggrieved by an unlawful practice may file a complaint under ORS 659.045. The Commissioner of the Bureau of Labor and Industries may then proceed and shall have the same enforcement powers, and if the complaint is found to be justified the complainant shall be entitled to the same remedies, under ORS 659.050 to 659.085 as in the case of any other complaint filed under ORS 659.040 or 659.045."

The distinction between an "unlawful practice" and an "unlawful unemployment practice" in ORS 659.435 is not a crucial one for present purposes, because both ORS 659.040 and ORS 659.045 simply provide the procedures by which an aggrieved person may initiate an administrative remedy, i.e., by filing a complaint with the Commissioner. They have no differences that are material to the issue involved here. The powers and duties of the Commissioner, once a complaint has been filed, are further set out in ORS 659.050, 659,060 and 659.070.

The legislature amended the civil rights statutes in 1977 to provide for a private cause of action for persons aggrieved by certain unlawful practices. Or Laws 1977, ch 453, §§ 3-7. The act was specific about which unlawful practices would be remediable. A person aggrieved by a violation of ORS 659.425(1), covering discrimination in employment of handicapped persons, was permitted to "file a civil suit in circuit court for injunctive relief" and, if the court so ordered other relief including back pay, under ORS 659.121(1); a person aggrieved by a violation of ORS 659.425(2), covering discrimination against handicapped persons by employment agencies, or of ORS 659.430, covering discrimination against handicapped persons in real property transactions, was permitted to file a civil action to

---

[3] The further definitions of these terms by ORS 659.010(13) and (14) are not helpful to the resolution of the question involved here.

recover compensatory and punitive damages under ORS 659.121(2).

In 1979, the legislature again demonstrated that the inclusion or exclusion of different practices in ORS 659.121 was not inadvertent and that consideration was given to which unlawful practices were to be privately remediable in court actions when it added ORS 659.420, covering re-hiring of disabled workers, to that list. Or Laws 1979, ch 813, § 2. *See also* ORS 659.105. Because the legislature has defined which practices give rise to a private action, it must be concluded that persons aggrieved by practices not so included are left with only the administrative remedies provided under ORS 659.435. *Inclusio unius est exclusio alterius.*[4]

**1,2.** Where the legislature has so carefully considered and exhaustively defined the remedies of handicapped persons aggrieved by violations of the civil rights statutes and has not provided for a private cause of action, we are not at liberty to imply one, notwithstanding the policy statements contained in ORS 30.670 and 659.405. The statutes are unambiguous and allow no room for construction.[5] For whatever reason, the legislature has provided only an administrative remedy for the discrimination suffered by plaintiff. Defendant's motion to dismiss plaintiff's first cause of action should have been granted.[6] Plaintiff has not cross-appealed from the judgment in favor of defendant on Count II of the complaint. Therefore, we remand for entry of judgment for defendant.

Reversed and remanded for entry of judgment for defendant.

---

[4] The language of ORS 659.121(3), "The filing of a complaint with the Commissioner under ORS 659.040(1) or 659.045(1) shall not be a condition precedent to the filing of civil suit or action *under this section,*" (emphasis supplied), does not independently create a cause of action. We need not decide whether one is created by ORS 659.095, because that statute governs the filing of actions *under ORS 659.121* only after a complaint has been filed with the Commmissioner, and plaintiff has not alleged that he has filed such a complaint.

[5] Because plaintiff clearly resorted to the statutes in his complaint, and relied only upon an alleged breach of contract in his common law action, we need not decide whether, under *Brown v. Transcon Lines,* 284 Or 597, 588 P2d 1087 (1978), plaintiff might have had a common law remedy for discrimination.

[6] Because of this disposition, we need not address defendant's contention that its motion for a directed verdict should have been granted.