Argued and submitted August 2, reversed and
remanded with instructions September 20, 1983

BUSH,
*Petitioner on review,*

*v.*

GREYHOUND LINES, INC.,
*Respondent on review.*

(TC A8108-05286; CA A25863; SC 29654)

669 P2d 324

Steve Brischetto, Portland, argued the cause and submitted brief for petitioner on review. With him on the brief was

Oregon Developmental Disabilities Advocacy Center, Portland.

Robert R. Hollis, Portland, argued the cause and submitted brief for respondent on review.

LINDE, J.

**LINDE, J.**

Defendant appealed from a judgment for damages entered on a jury verdict that defendant unlawfully refused to transport plaintiff on account of his being confined to a wheelchair. The Court of Appeals reversed, holding that although the civil rights statutes provide a private cause of action for some forms of discrimination, that provision does not cover unlawful discrimination against the handicapped in public accommodations. 62 Or App 735, 662 P2d 25 (1983). We allowed review to examine that interpretation of the statutes. We conclude that the apparent lack of coverage results only from an oversight in a 1979 amendment and that the statutory provision of a civil action does cover such discrimination.

Over the past ten years, the Oregon legislature has gradually expanded the civil rights laws which protect handicapped persons against discrimination. In 1973, discrimination against the handicapped in public accommodations, defined so as to cover bus transportation, was declared to be an unlawful practice, enforced initially only by administrative sanctions. 1973 Or Laws ch 660, §§ 7(2), 9,[1] codified as ORS 659.425(2) (1973) and ORS 659.435 (1973). However in 1977, the legislature added a civil remedy in Or Laws ch 453. Section 6(2) of the 1977 act provided:

> "Any person claiming to be aggrieved by alleged violations of ... subsection (2) of 659.425 ... may file a civil action in circuit court to recover compensatory damages or $200, whichever is greater, and punitive damages not to exceed $2500."

This provision was codified as ORS 659.121(2). Thus, as of 1977 a complainant would have been able to sue Greyhound

---

[1] 1973 Or Laws ch 660, § 7(2):

"It is an unlawful practice for any place of public accommodation, resort or amusement as defined in ORS 30.675, or any person acting on behalf of such place, to make any distinction, discrimination or restriction on account of any physical or mental handicap of a customer or patron."

1973 Or Laws ch 660, § 9:

"Any person claiming to be aggrieved by an unlawful employment practice may file a complaint under ORS 659.040, and any person claiming to be aggrieved by an unlawful practice may file a complaint under ORS 659.045. The Commissioner of the Bureau of Labor may then proceed and shall have the same enforcement powers, and if the complaint is found to be justified the complainant shall be entitled to the same remedies, under ORS 659.050 to 659.085 as in the case of any other complaint filed under ORS 659.040 or 659.045."

under ORS 659.425(2) for discrimination in accommodations and seek the civil recovery provided in ORS 659.121(2).

In keeping with this expansive antidiscrimination policy, the 1979 legislature created statutory rights of action for discrimination against the handicapped by employment agencies and labor organizations. These new subsections were inserted into ORS 659.425(2) and (3), while old subsection (2) dealing with discrimination in accommodations was correspondingly renumbered subsection (4). It is this renumbering process which gives rise to the confusion of the present case. For in adding sections (2) and (3) to the statute, the legislature failed to renumber the corresponding provisions of the statute granting civil remedies, namely ORS 659.121(2). As a result, the reference in that subsection to ORS 659.425(2), which at its enactment referred to discrimination in public accommodations, now referred to discrimination by employment agencies. The Court of Appeals did not note this shift when it held that the specific reference to ORS 659.425(2) excluded coverage of discrimination in public accommodations.

An examination of the legislative history of the 1979 amendments shows that their sponsors and the legislators intended no such result. They intended to deal with discrimination against the handicapped related to employment. Nothing was further from their minds than to repeal the remedy enacted at the preceding regular session for discrimination in public accommodations. *Compare Warren v. Marion County,* 222 Or 307, 312-314, 353 P2d 257 (1960), for a similar slip in numbering ORS sections. We would set the legislative history forth in more detail but for the fact that in this court defendant conceded that there is a civil recovery for such discrimination and shifted its ground to a different defense.

■ Defendant argues that plaintiff did not rely on the cause of action under section 6(2) of the 1977 act in the trial court and that his evidence was insufficient to take his case to the jury. It is true that plaintiff originally argued for an implied civil remedy directly under the public accommodations provisions of the 1973 act, aided by the policy of ORS 30.680, which provides a civil remedy for many types of unlawful discrimination other than physical handicaps, or by "common law" implication, as in *Brown v. Transcon Lines,* 284 Or 597, 588 P2d 1087 (1978). Defendant opposed that theory and argued

that the complaint should be dismissed for lack of a legal basis for liability. Because we hold that section 6(2) of the 1977 act does provide such a basis, as plaintiff later argued, the circuit court's denial of the motion to dismiss is one of those instances in which a ruling was correct for a different reason from that argued to the circuit court.

■ The circuit court also did not err in denying defendant's motion for a directed verdict for insufficient evidence of the discrimination forbidden by the statute. Defendant's motion was based on the argument that forbidden discrimination is not made out when there are reasonable grounds for the differential treatment, in this case, that the driver's decision not to allow the handicapped plaintiff to board the bus was based on a good faith and reasonable exercise of discretion in the interests of safety mandated by rules of the Public Utility Commissioner. Defendant argued that plaintiff could not rest only on a showing that he was refused transportation on account of his handicap but must show that the conditions were not such as to make this refusal a reasonable safety precaution. We do not agree that if there is such a defense, the burden to negate it rests on the plaintiff. The court correctly refused to direct a verdict for defendant as a matter of law.

The decision of the Court of Appeals is reversed, and the case is remanded to the circuit court for reinstatement of the judgment.