Argued and submitted April 18, affirmed September 21, reconsideration denied
October 28, petition for review denied November 22, 1983 (296 Or 120)

# MITCHELL,
*Respondent,*

*v.*

# The BOARD OF EDUCATION OF
# SCHOOL DISTRICT #30-44-63J et al,
*Appellants.*

## (81-0624; CA A25345)

669 P2d 356

Willard L. Cushing, McMinnville, argued the cause for appellants. With him on the brief were Jerry B. Hart and Cushing, Johnstone & Peterson, McMinnville.

J. B. Bedingfield, Coos Bay, argued the cause for respondent. With him on the brief were David A. Dorsey and Bedingfield, Joelson and Gould, Coos Bay.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff, the former superintendent of defendant school district, brought this mandamus action against the district and the individual members of the district school board (defendants) to compel defendants to award him an employment contract for the 1981-82 school year. The trial court held that defendants had not timely notified plaintiff of his non-renewal for the 1981-82 school year as required by statute and were therefore required to employ him.[1] From the resulting judgment for plaintiff, defendants appeal. We affirm.

Plaintiff was superintendent of schools of defendant school district for a number of years, working on a series of year-to-year contracts. On January 12, 1981, the board decided not to renew plaintiff's contract for the 1981-82 year. The plaintiff did not attend that board meeting because, on that day, he entered a hospital for open heart surgery. The district did not send him statutory written notice of its non-renewal decision by April 1, 1981; on April 14, he wrote the district informing it of his willingness to enter into a contract for the 1981-82 year on the same terms as his 1980-81 contract. The district failed to offer him a contract and, pursuant to ORS 342.513(2), he brought this action for a writ of mandamus to require it to do so.

ORS 342.513(1) provides in part:

"Each district school board shall give written notice of the renewal or nonrenewal of the contract for the following school year by April 1 of each year *to all teachers and administrators in its employ who are not permanent teachers.* * * * If any district school board fails to give such notice by April 1, the contract shall be considered renewed for the following school year at a salary not less than that being received at the time of the renewal." (Emphasis supplied.)

If the term "administrators" in the statute includes superintendents, plaintiff was entitled to notice of the district's non-renewal decision by April 1. Defendants make an argument, based on interpretations of the statutory policy and of certain definitional sections, that superintendents are not

---

[1] The court also held that the district owes plaintiff $1,845 for his 1980-81 expenses. Defendants do not challenge that ruling on appeal.

among the protected administrators.[2] There is a simple answer to the problem which does not require evaluating this analysis, for the legislature specifically included superintendents in the definition of "administrators" for the purpose of the statute. ORS 342.120(1) defines "administrators" to include school superintendents. The 1979 version of ORS 342.120 (which was in effect at the time of these events) does not expressly apply this definition to ORS 342.513. However, it appears that ORS 342.120 did apply to ORS 342.513 in previous years and that the change in the reach of ORS 342.120 was the result of a Legislative Counsel codification error in the revision of the statutes, not of any legislative action.

ORS 342.513 was originally ORS 342.635, adopted as Or Laws 1965, ch 100, § 369. Section 348 of the same act extended the definitions of ORS 342.120 to several statutes, including ORS 342.635. Thus, in 1965, superintendents were clearly among the administrators entitled to notice. The definitions of ORS 342.120 continued, on the face of the statute, to apply to ORS 342.635 (by that time renumbered ORS 342.513) until 1977, when the scope of ORS 342.120 was modified, without any legislative action, pursuant to Legislative Counsel's authority under ORS 173.160 to clarify the statutes. The last amendment to ORS 342.120 before that Legislative Counsel change was in 1975 and, at that time, the definitions applied to ORS 342.513.

■    It appears that what happened is that Legislative Counsel, in attempting to limit ORS 342.120 to those statutes to which the legislature had in fact applied it, made a mistake and failed to include some of the sections to which the definitions apply. Counsel partially corrected the error in the 1981 Replacement Part, but continued to omit ORS 342.513. The error does not affect the scope of ORS 342.120. In preparing the statutes for publication, Legislative Counsel has the authority to make changes in section numbers, cross-references and other matters of form and clarity. However, changes must be limited so that they do "not alter the sense, meaning, effect or substance of any Act." ORS 173.160. The statutes

---

[2] Part of the argument is based on the wording of section captions and divisional headings in the published Oregon Revised Statutes. Captions and headings are provided by Legislative Counsel simply for the reader's convenience. They are not part of the statute and are of no value in determining legislative intent. ORS 174.540.

certified by Legislative Counsel after revision are prima facie evidence of the law, ORS 171.285(2), but they are not conclusive evidence. When, as here, it appears that the law as the legislature adopted it differs in substance from the law as codified, we must follow the legislature's version. We therefore hold that the definitions of ORS 342.120 apply to ORS 342.513 and that plaintiff, as a school superintendent, was entitled to written notice of a decision not to renew his contract by April 1, 1981.

■ The only remaining issue is whether plaintiff actually received any written notice.[3] In *Ambrose v. Board of Education,* 51 Or App 621, 626 P2d 916, *rev den* 291 Or 309 (1981), we held that it was sufficient compliance with the statute that the superintendent there on April 1 saw and edited the draft minutes containing the non-renewal decision. Defendants argue that plaintiff here read the minutes containing the decision before April 1 and that he therefore received adequate notice. There is evidence in the record to support their contention, but there is also evidence in the record to the contrary. The trial court found against defendants, and we are bound by its finding. The district failed to comply with the statutory notice requirement, and we affirm the trial court's grant of the statutory remedy.

Affirmed.

---

[3] Defendants also assign as error the trial court's granting of plaintiff's motion to amend his complaint to include a demand for attorney fees. The court did not, in fact, award attorney fees, so there is nothing for us to review.