STATE OF OREGON,
*Respondent,*

*v.*

PATRICIA LYNN ROTHMAN,
*Appellant.*

(82-772-C; CA A31041)

687 P2d 798

Donald H. Coulter, Grants Pass, argued the cause for appellant. With him on the brief was Myrick, Coulter, Seagraves, Myrick & Adams, Grants Pass.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

In this criminal case, defendant appeals from convictions for possession and delivery of a controlled substance. She assigns several errors, only one of which requires discussion. In that assignment she maintains that inasmuch as two separate statutes, one with felony consequences (ORS 475.992(1))[1] and one with misdemeanor consequences (ORS 689.995(1)),[2] proscribe the specific conduct of which she was convicted, she is entitled to have the charges against her dismissed or, at most, she is subject to conviction only for a misdemeanor. She is incorrect.

The full answer to defendant's theory is found in the pertinent portion of the excellent brief filed on behalf of the state. We adopt it omitting footnotes:

"Defendant's * * * assignments of error * * * present a single question: does the purported inconsistency between the felony provisions of ORS 475.992(1) and the misdemeanor provisions of ORS 689.995(1) require that the former statute, under which defendant was prosecuted, be invalidated? The basic answer to defendant's claim is that there is no conflict between ORS 475.992 and 689.995. Careful examination of the statutes and their legislative history conclusively demonstrates that the two statutes operate independently, create two separate crimes, and do not create the problems of vagueness and uncertainty alleged by defendant. But for a

---

[1] ORS 475.992(1) provides:

"Except as authorized by ORS 475.005 to 475.285 and 475.991 to 475.995, it is unlawful for any person to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to:

"(a) A controlled substance in Schedule I, is guilty of a Class A felony.

"(b) A controlled substance in Schedule II, is guilty of a Class B felony.

"(c) A controlled substance in Schedule III, is guilty of a Class C felony.

"(d) A controlled substance in Schedule IV, is guilty of a Class B misdemeanor.

"(e) A controlled substance in Schedule V, is guilty of a Class C misdemeanor."

[2] ORS 689.995(1) provides:

"Violations of any provision of ORS 51.040, 167.203, 414.325, 430.405, 435.010, 453.025, 475.005, 475.135, 475.185, 475.992, 475.995, 616.855 and 689.005 to 689.995 or of any rule of the board is a misdemeanor."

codification error by Legislative Counsel, defendant's argument would lack even a speculative basis. When, as required by statute and caselaw, the actual terms of the respective legislative acts are implemented, it is apparent that defendant's entire claim must fail.

"* * * * *

"* * * In plain terms, ORS 475.992(1) makes it unlawful for any person to manufacture or deliver a controlled substance. If, as here, the controlled substance is in Schedule II, the person commits a Class B felony. ORS 475.992(1)(b). ORS 689.995(1), as codified, provides in equally plain terms:

'Violation of any provision of ORS 51.040, 167.203, 414.325, 430.405, 435.010, 453.025, 475.005, 475.135, 475.185, *475.992,* 475.995, 616.855 and 689.005 to 689.995 or of any rule of the board [of Pharmacy] is a misdemeanor.' (Emphasis supplied).

Examination of the original legislation and its history shows, however, that the currently codified version of ORS 689.995(1) is incorrect in its inclusion of ORS 475.992.

"The Legislative Assembly adopted Oregon's version of the Uniform Controlled Substances Act in 1977. ORS 475.285 provides, correctly, that the title of the legislation is the 'Uniform Controlled Substances Act.' The Act originated in Senate Bill 904, the legislative history of which is part of the record in this case. * * * The Uniform Controlled Substances Act of 1977 can be found in Or Laws 1977, ch 745. The penalty provisions for what eventually became ORS 475.992 clearly appear in Article IV, section 15, of the 1977 Act. The legislature made its intention plain in the Act and in the hearings on SB 904 — delivery of a Schedule II controlled substance is a Class B felony.

"During its next regular session, the legislature enacted the statute that defendant claims is in conflict with ORS 475.992. The entire legislation, titled the 'Oregon Pharmacy Act,' began as SB 866 and is recorded in Or Laws 1979, ch 777. Its legislative history is also a part of the record of the instant case. Contrary to defendant's assertion, nothing in Or Laws 1979, ch 777, enacted a new penalty provision for ORS 475.992. The pertinent portion of the legislation, Or Laws 1979, ch 777, § 55, merely removed some statutory cross-reference to superseded, obsolete and erroneous sections. There was no substantive change in the contents of ORS 475.992 and, in particular, no change to that statute's penalty provision. Nevertheless, the question remains: how did the

reference to ORS 475.992 become a part of the codified version of ORS 689.995?

"ORS 173.160, imparting to Legislative Counsel the authority to renumber portions of statutes, provides as follows:

'In preparing editions of the statutes for publication and distribution, the Legislative Counsel shall not alter the sense, meaning, effect or substance of any act, but, within such limitations, may renumber sections and parts of sections of the Acts, change the wording of headnotes, rearrange sections, change reference numbers to agree with renumbered chapters, sections or other parts, substitute the proper subsection, section or chapter or other division numbers, strike out figures or words which are merely repetitious, change capitalization for the purpose of uniformity, and correct manifest clerical or typographical errors.'

Legislative Counsel went beyond the limits of its statutory authority in its codification of the Oregon Pharmacy Act.

"Examination of pertinent portions of 1979 legislation reveals the following:

'Violation of any provision of this 1979 Act or any rule of the Board [of Pharmacy] is a misdemeanor * * *.' Or Laws 1979, ch 777, § 41(1).

"'That section was modified by Legislative Counsel, pursuant to ORS 173.160, to read:

'Violation of any provision of ORS 51.040, 167.203, 414.325, 430.405, 435.010, 453.025, 475.005, 475.015, 475.075, 475.085, 475.135, 475.185, *475.992*, 475.995, 616.855 and 689.005 to 689.995 or any rule of the board is a misdemeanor * * *.' ORS 689.995(1) (emphasis added).

The numbers listed in the codified version of the 1979 Act correspond exactly with the list of amended statutes set forth in the relating clause of Or Laws 1979, ch 777. Legislative Counsel, in rote fashion, merely reiterated each of the amendments because the legislation referred to 'this 1979 Act.' This was done notwithstanding the fact that nothing in the text of the 1979 legislation made violation of ORS 475.992 punishable by anything in the new enactment. However much Legislative Counsel may have been misled by the 1979 Act's relating clause, the fact is that it overstated the scope of Or Law 1979, ch 777, § 41(1), and thereby went beyond the authority of ORS 173.160.

"The situation presented in this case is governed by the holding of *Mitchell v. Board of Education*, 64 Or App 565, 669 P2d 356 (1983). In that case, Legislative Counsel erroneously had omitted a cross-reference to a particular statute. This court held:

"* * * In preparing the statutes for publication, Legislative Counsel has the authority to make changes in section numbers, cross-references and other matters of form and clarity. However, changes must be limited so that they do "not alter the sense, meaning, effect or substance of any Act." ORS 173.160. The statutes certified by Legislative Counsel after revision are prima facie evidence of the law, ORS 171.285(2), but they are not conclusive evidence. When, as here, it appears that the law as the legislature adopted it differs in substance from the law as codified, we must follow the legislature's version. * * *' 64 Or App at 568-569.

*See also Bush v. Greyhound Lines, Inc.*, 295 Or 619, 669 P2d 324 (1983) (similar result necessitated by Legislative Counsel's error in renumbering code sections)."

Affirmed.