Argued and submitted June 28, remanded for resentencing; otherwise affirmed August 23, petition for review allowed December 12, 1995 (322 Or 362)

STATE OF OREGON,
*Respondent,*

*v.*

ALFONSO RAYMOND McFEE,
*Appellant.*

(C9305-32718; CA A81821)

901 P2d 870

` Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a conviction for sexual abuse in the first degree, ORS 163.427. He assigns error to that portion of his sentence ordering him to complete 86 months of post-prison supervision pursuant to ORS 144.103. We review under ORS 138.222(4)(a), affirm the conviction, but remand for resentencing.

Defendant committed the offense of sexual abuse in the first degree in May 1993. In August 1993, defendant entered a plea of no contest to a charge for that offense. At sentencing, the trial court ordered him to serve a presumptive sentence of 34-months' imprisonment under grid block 8-C of the sentencing guidelines. The court also imposed 86 months of post-prison supervision pursuant to ORS 144.103. Defendant argues that because he was convicted under ORS 163.427, ORS 144.103 is inapplicable.

■ Initially, the state argues that ORS 138.222(2)(a) precludes our review of the order of post-prison supervision.[1] ORS 138.222(2)(a) provides:

"(2)   On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"(a)   Any sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board."

OAR 253-03-001(16) defines "presumptive sentence" as "the sentence provided in a grid block * * *." The grid block provides for terms of incarceration or probation. The post-prison supervision terms, while controlled by an offender's grid block, *see* OAR 253-05-002(2), are not provided in the grid block. Therefore, they are not part of the presumptive sentence, for which ORS 138.222(2)(a) precludes our review. We may review the term of post-prison supervision imposed by the trial court. We turn to defendant's argument regarding ORS 144.103.

---

[1] The state also argues that the 1989 version of ORS 138.222(2)(d) controls this case because the 1993 amended version did not go into effect until November 4, 1993. In *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), the Oregon Supreme Court held that the amended version applies to "*all* felony cases relating to crimes committed 'on or after November 1, 1989.' " *Id.* at 440 (emphasis supplied).

■ At the time of sentencing, ORS 144.103 (1991)[2] provided:

> "Any person sentenced to a term of imprisonment for violating or attempting to violate ORS 163.375, 163.405, 163.408, 163.411 or 163.425 shall serve a term of post-prison supervision that shall continue until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation. Any costs incurred as a result of this section shall be paid by increased post-prison supervision fees under ORS 423.570."

Sexual abuse in the first degree is not listed among the applicable offenses in ORS 144.103. However, the state argues, and the trial court agreed, that it is clear from the legislative history of ORS 144.103 that the legislature intended to include sexual abuse in the first degree in the statute, and that the failure to do so was simply a codification error by legislative counsel.

■ We are constrained under the law set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), to interpret a statute based on its text and context first. If the intent of the legislature is clear from the text and context of the statute, further inquiry is unnecessary. *Id.* at 611. In this case, the language of ORS 144.103 is unambiguous. The statute expressly applies to ORS 163.375 (rape in the first degree), ORS 163.405 (sodomy in the first degree), ORS 163.408 (sexual penetration with a foreign object in the second degree), ORS 163.411 (sexual penetration with a foreign object in the first degree), and ORS 163.425 (sexual abuse in the second degree). It does not mention ORS 163.427. Thus, the text of the statute does not indicate any intent to include ORS 163.427 in the list of applicable statutes. Consequently, resort to legislative history to ascertain the legislature's intent would be improper.

■ Nevertheless, the state argues that the failure to include ORS 163.427 in ORS 144.103 was a codification error

---

[2] The 1991 version of ORS 144.103 took effect September 29, 1991. Defendant's offense occurred in May 1993. ORS 144.103 was amended in 1993 to include ORS 163.427. Or Laws 1993, ch 301, § 4. That amendment did not go into effect until November 4, 1993, a few weeks after the amended judgment of conviction was filed from which defendant appeals.

by legislative counsel and that legislative counsel failed to effectuate the intent of the legislature by revising the list of offenses in ORS 144.103 to include ORS 163.427. Therefore, according to the state, when the statute is read as intended, ORS 163.427 is an included offense in ORS 144.103. In order to understand the state's argument, it is helpful to be aware of the changes that the legislature made to the statutes concerning sexual abuse during the same session when it enacted ORS 144.103.

During the 1991 legislative session, the legislature effected a change to the existing crimes of sexual abuse. Before 1991, sexual abuse in the first degree was defined in ORS 163.425[3] and sexual abuse in the second degree was defined in ORS 163.415. The 1991 Legislature changed the offense of sexual abuse in the second degree to sexual abuse in the third degree and amended ORS 163.415 accordingly. Or Laws 1991, ch 830, § 1. It also amended ORS 163.425. Some of the conduct that had been classified as sexual abuse in the first degree became classified as sexual abuse in the second degree. Or Laws 1991, ch 830, § 2. Finally, the legislature created a new statute for sexual abuse in the first degree, which consisted of some of the conduct that had been classified under the prior sexual abuse in the first degree. Or Laws 1991, ch 830, § 3.[4] Afterwards, legislative counsel codified

---

[3] Before 1991, ORS 163.425 had provided:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact; and

"(A) The victim is less than 12 years of age; or

"(B) The victim is subjected to forcible compulsion by the actor; or

"(b) Subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object not a part of the actor's body, and the victim does not consent thereto.

"(2) Sexual abuse in the first degree is a Class C felony."

[4] Or Laws 1991, ch 830, provides, in part:

"**SECTION 1.** ORS 163.415 is amended to read:

"163.415. (1) A person commits the crime of sexual abuse in the **third** degree if the person subjects another person to sexual contact; and

"(a) The victim does not consent to the sexual contact; or

"(b) The victim is incapable of consent by reason of being under 18 years of age, mentally defective, mentally incapacitated or physically helpless.

section 2 of chapter 830 as ORS 163.425, as instructed by the legislature, and then codified section 3 as ORS 163.427. The legislature also enacted Oregon Laws 1991, chapter 831, section 1, codified as ORS 144.103, before legislative counsel codified sections 2 and 3 of chapter 830.

The state argues that it was legislative counsel's error in failing to include ORS 163.427 in ORS 144.103. However, the state's argument ignores the fact that the engrossed bill that became ORS 144.103 does not mention ORS 163.427. Although the legislative history indicates that the legislature intended to include the crime defined in ORS 163.427 in ORS 144.103, for whatever reason, that statute was not among the statutes listed in the bill that was passed by the House and the Senate and signed by the Governor. We cannot insert into a law the substance of what has been omitted by the legislature, nor can legislative counsel. ORS 174.010.

Our holdings in *State v. Rothman*, 69 Or App 614, 687 P2d 798, *rev den* 298 Or 172 (1984), and *Mitchell v. Board of Education*, 64 Or App 565, 669 P2d 356, *rev den* 296 Or 120 (1983), are not to the contrary. In both *Mitchell* and *Rothman*, we noted that in codifying certain bills, legislative counsel had altered the text of the bills as they had been passed by the legislature. As a result, the text that appeared in the codified version of the statutes differed from the text that

---

"(2) Sexual abuse in the **third** degree is a Class A misdemeanor.

"**SECTION 2.** ORS 163.425 is amended to read:

"163.425. (1) A person commits the crime of sexual abuse in the **second** degree when that person subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object not a part of the actor's body, and the victim does not consent thereto.

"(2) Sexual abuse in the **second** degree is a Class C felony.

"**SECTION 3.** (1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age; or

"(B) The victim is subjected to forcible compulsion by the actor; or

"(b) Intentionally causes a person under 18 years of age to touch or contact the mouth, anus or sex organs of an animal for the purpose of arousing or gratifying the sexual desire of a person.

"(2) Sexual abuse in the first degree is a Class B felony."

appeared in the bills. We said that when the law as adopted by the legislature differs in substance from the law as codified, we must follow the legislature's version. *Rothman*, 69 Or App at 619; *Mitchell*, 64 Or App at 569. *Bush v. Greyhound Lines, Inc.*, 295 Or 619, 669 P2d 324 (1983), upon which the state relies, is also inapposite. In that case, the legislature renumbered a statutory section, and then failed to amend a related statute to reflect the renumbering. Until the renumbering occurred, the related statute had always included the reference to the other statutory section. In contrast, the bill before the legislature that became ORS 144.103 never referred to ORS 163.427 or to the bill that became ORS 163.427. We conclude that the trial court erroneously applied ORS 144.103 in determining the length of defendant's post-prison supervision.

Remanded for resentencing; otherwise affirmed.