Argued and submitted March 13, remanded with instructions May 21, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## JASON M. NEWSOM,
*Appellant.*

(92-CR-0153; CA A88480)

939 P2d 90

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from a "Probation Order-Judgment" wherein the trial court revoked defendant's optional probation sentence that he was serving on a conviction for Sex Abuse I, ORS 163.427, and imposed 18 months of incarceration and 102 months of post-prison supervision. The only question raised on appeal is whether the trial court erred when it imposed the 102 months of post-prison supervision. We remand for entry of a corrected judgment.

Pursuant to plea negotiations, defendant pled guilty to Sex Abuse I, ORS 163.427, arising from an incident with a 12-year-old in July 1992 in Jefferson County. The trial court found defendant's gridblock classification to be 8-I and sentenced defendant to optional probation for 36 months. Later, defendant was convicted of Rape III, ORS 163.355, as a result of a separate incident with a 13-year-old in Multnomah County in 1994. A show cause hearing was then held in Jefferson County on March 16, 1995, on the question of whether defendant had violated his probation and whether his probation should be revoked. At the hearing, defendant admitted that he had violated conditions of his probation and the trial court revoked his probation and, returning to grid block 8-I, imposed an 18-month prison sentence with a 102-month term of post-prison supervision.[1]

Under OAR 253-05-002(2)(c),[2] defendant argues that he should have received only a 36-month term of post-prison supervision. Citing our holding in *State v. McFee*, 136 Or App 160, 901 P2d 870 (1995), *rev dismissed* 323 Or 662 (1996) (extended term of post-prison supervision under *former* ORS 144.103 was erroneously ordered on a conviction for Sex

---

[1] The trial court made no reference in either the sentencing proceeding or in its judgment to the authority under which it imposed the 102-month term of post-prison supervision.

[2] OAR 253-05-002 provides, in part:

"(2) The duration of post-prison supervision shall be determined by the crime seriousness category of the most serious current crime of conviction:

"* * * * *

"(c) Three years for Crime Categories 7-11[.]"

Abuse I, because that crime was not listed in ORS 144.103 at the time of the offense;[3] case remanded for resentencing), defendant argues, and the state concedes, that the trial court erred in imposing the extended term of post-prison supervision under ORS 144.103. Although defendant did not object when the trial court imposed the 102-month term, he requests that we exercise our discretion to review the unpreserved claim of error. *See* ORAP 5.45(2).

We agree that the application of ORS 144.103 to extend defendant's term of post-prison supervision is an error of law apparent on the face of the record. *State v. Jones*, 129 Or App 413, 879 P2d 881 (1994) (error in term of post-prison supervision was error apparent on the face of the record). For the reasons discussed in *Jones*, we exercise our discretion[4] to review the error. *See id.* at 416-17. Accordingly, we remand for entry of a corrected term of post-prison supervision.

Remanded with instructions to enter modified judgment reducing period of post-prison supervision to 36 months.

---

[3] Defendant's offense occurred in July 1992. ORS 144.103 was amended in 1993 to include ORS 163.427. Or Laws 1993, ch 301, § 4. That amendment did not go into effect until November 4, 1993, more than a year after defendant committed the offense.

[4] In 1995, the legislature amended ORS 138.083 to expand the trial court's authority to correct any erroneous terms in the judgment it renders. We have stated that we will no longer exercise our discretion to review unpreserved errors in terms of post-prison supervision contained in judgments entered after September 8, 1995. *State v. Graham*, 143 Or App 85, 88, 923 P2d 664 (1996). Here, the judgment was entered April 14, 1995, and the statutory remedy was thus not available to defendant.