Argued and submitted March 13, affirmed October 22, 1997, petition for review denied January 27, 1998 (326 Or 390)

## STATE OF OREGON,
*Respondent,*

*v.*

## ARNOLD TREVOR SHARP,
*Appellant.*

(94CR1493; CA A87044)

949 P2d 1230

Steven V. Humber, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals his conviction on seven counts of sexual abuse in the first degree. The sole issue on appeal is whether the 1991 amendments to the limitation period for certain sexual abuse charges reduced the statute of limitation for sexual abuse in the first degree under *former* ORS 163.425 (1987) to three years, thus barring defendant's prosecution.

On August 30, 1994, defendant was indicted on seven counts of sexual abuse in the first degree and one count of rape in the first degree. The acts underlying counts one, four, five, six, seven and eight were alleged to have occurred between August 30, 1988, and April 1989. The acts underlying counts two and three were alleged to have occurred between January 1 and July 16, 1990. Defendant demurred to the charges on counts one to three and five to eight, claiming that those counts were time barred.[1] The trial court overruled defendant's demurrer and, after a jury trial, defendant was convicted on all counts.[2] Defendant appeals, arguing that the 1991 amendments to ORS 135.125 reduced the relevant statute of limitation to three years, so that the trial court erred in overruling his demurrer. We review for errors of law and affirm.

At the time defendant committed the acts for which he was indicted, sexual abuse in the first degree was codified at *former* ORS 163.425 (1987).[3] Sexual abuse in the first

---

[1] Count four charged defendant with first-degree rape. Defendant did not file a demurrer to that count on statute-of-limitation grounds, presumably because he concluded that it was subject to a six-year statute of limitation. *See* ORS 131.125(2)(d).

[2] For sentencing purposes, count five, sexual abuse in the first degree, was merged with count four, rape in the first degree.

[3] *Former* ORS 163.425 (1987) provided:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) subjects another person to sexual contact; and

"(A) the victim is less than 12 years of age; or

"(B) the victim is subjected to forcible compulsion by the actor; or

"(b) subjects another person to sexual intercourse, deviate sexual intercourse or except as provided in ORS 163.412, penetration of the vagina, anus or

degree is now codified at ORS 163.427.[4] Because of the timing of defendant's acts, he was charged under the old statute. ORS 161.035(4).

At the time defendant committed the offenses, the statute of limitation for sexual abuse in the first degree was three years. ORS 131.125 (Or Laws 1973, ch 836, § 6). The legislature amended ORS 131.125 in 1989 to extend the limitation period for first-degree sexual abuse and certain other sexual offenses to six years. The amendment applied to defendant, because the three-year limitation period for his offenses had not yet run. *See State v. Dufort*, 111 Or App 515, 519, 827 P2d 192 (1992).

In 1991, the legislature revised the criminal code as it applied to sexual offenses. The revision relevant to this case created three degrees of sexual abuse where, before, there had been only two. The legislature effected this revision by reclassifying the acts covered by ORS 163.415 from second-degree to third-degree sexual abuse and by reclassifying certain acts covered by ORS 163.425 from first-degree to second-degree sexual abuse. The legislature then created a new section that classified the remainder of the conduct covered by *former* ORS 163.425 as first-degree sexual abuse. Or Laws 1991, ch 830, § 3. That section was codified at ORS 163.427. First-degree sexual abuse under ORS 163.427 differed from first-degree sexual abuse under *former* ORS 163.425 in that a victim's upper age limit was raised from 12 to 14 years of age

---

penis with any object not a part of the actors body, and the victim does not consent thereto.

"(2) Sexual abuse in the first degree is a Class C felony."

[4] ORS 163.427 provides:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact; and

"(A) The victim is less than 14 years of age;

"(B) The victim is subjected to forcible compulsion by the actor; or

"(C) The victim is incapable of consent by reason of being mentally defective, mentally incapacitated or physically helpless; or

"(b) Intentionally causes a person under 18 years of age to touch or contact the mouth, anus or sex organs of an animal for the purpose of arousing or gratifying the sexual desire of a person.

"(2) Sexual abuse in the first degree is a Class B felony."

and a provision was added prohibiting a person from intentionally causing a person under 18 years of age to touch or contact the mouth, anus or sexual organs of an animal for the purpose of arousing or gratifying the sexual desire of a person. The offenses for which defendant was charged constituted sexual abuse in the first degree under either statute.

At the same time that the legislature revised the degrees of sexual abuse, it revised ORS 131.125, the statute detailing the limitation periods for criminal offenses. In the section on sexual crimes, ORS 131.125 lists sexual offenses by description and ORS number.[5] Most sexual offenses have a limitation period of six years, including sexual abuse in the first degree under ORS 163.427. Defendant argues, nevertheless, that because ORS 131.125 does not specifically state the limitation period for first-degree sexual abuse under *former* ORS 163.425, the applicable limitation period must be the catch-all period for "any other felony," which is three years. ORS 131.125(5)(a). For support, defendant relies on this court's decision in *State v. McFee*, 136 Or App 160, 901 P2d 870, *rev dismissed* 323 Or 662 (1996). Defendant's reliance is misplaced.

In *McFee*, we addressed the application of ORS 144.103, a post-prison supervision statute, to a defendant convicted of sexual abuse in the first degree under ORS 163.427. The defendant had been sentenced to post-prison supervision under ORS 144.103, even though the statute did not refer to ORS 163.427 but to ORS 163.425, which, before 1991, had covered first-degree sexual abuse.[6] He argued that,

---

[5] ORS 131.125 provides, in pertinent part:

"(2) A prosecution for any of the following felonies may be commenced within six years after the commission of the crime or, if the victim at the time of the crime was under 18 years of age, anytime before the victim attains 24 years of age or within six years after the offense is reported to a law enforcement agency or other governmental agency, whichever occurs first:

"* * * * *

"(j) sexual abuse in the second degree under ORS 163.425.

"(k) sexual abuse in the first degree under ORS 163.427."

[6] At the time of that defendant's sentencing, ORS 144.103 (1991) provided, in pertinent part:

"Any person sentenced to a term of imprisonment for violating or attempting to violate ORS 163.375, 163.405, 163.408, 163.411 or 163.425 shall serve a term of post-prison supervision that shall continue until the term of post-

because ORS 144.103 did not list the new first-degree sexual abuse statute, people convicted under the new statute could not be sentenced to post-prison supervision under ORS 144.103. Applying *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), we concluded that violations of ORS 163.427 were not subject to post-prison supervision under ORS 144.103, because the language of ORS 144.103 clearly and unambiguously indicated the statutory sections to which it applied, and ORS 163.427 was not among them. *McFee*, 136 Or App at 163.[7]

There is a significant difference between the present case and *McFee*, however. In *McFee*, the statute at issue did not identify the conduct on the defendant's part that made him subject to post-prison supervision under ORS 144.103, but, rather, referred only to statutory numbers. A reader, looking back to the referenced statutes, would not have found the crime for which defendant had been charged. We concluded, therefore, that it was clear from the text and the context of the statute that the defendant's offense was not covered. *See PGE v. Bureau of Labor and Industries*, 317 Or at 610. Here, the text and context of the pertinent statute equally as clearly indicate a legislative intention that the offenses committed by defendant be subject to a six-year limitation period.

Subsections (2)(b) through (2)(p) of ORS 131.125 set forth the sexual crimes to which the six-year limitation period applies. The list includes *all* degrees of rape, *all* degrees of sodomy, *all* degrees of sexual penetration, sexual abuse in the *first* and *second* degrees, encouraging sexual abuse in the first degree, incest, and promoting and compelling prostitution. Each subsection incorporates by reference the definitions of the offenses found elsewhere in the criminal code. Defendant was charged with seven counts of sexual abuse. The victims were all under the age of 12. At the time of defendant's acts, sexual abuse of a child under 12 years of age was first-degree sexual abuse.

---

prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

[7] In 1993, the legislature had amended ORS 144.103 to include violations of ORS 163.427, but that amendment did not take effect until after the defendant in *McFee* had been sentenced. ORS 144.103.

ORS 131.125(k) applies a six-year statute of limitation to sexual abuse in the first degree. It refers to ORS 163.427 because that is the section that currently defines sexual abuse in the first degree and, therefore, is the logical place to look for a description of conduct that constitutes first-degree sexual abuse. Under ORS 163.427, the sexual abuse of a child under 14 years of age is first-degree sexual abuse. Defendant's acts, all of which involved victims under the age of 12, clearly fall within that definition. Defendant was not charged with a violation of ORS 163.427, which was in effect at the time of his indictment, because of the *timing* of his offense, not because of the nature of his conduct.

Because the acts for which defendant was charged took place before ORS 163.427 was enacted, he could not be charged under that provision. In the same vein, the legislature in its 1991 revision of ORS 131.125 could not refer to the crime of sexual abuse in the first degree under ORS 163.425 because that offense *under that section number* no longer existed. The penalized *conduct* was still an offense, however, and was still subject to a six-year limitation period, as clearly indicated by the reference in ORS 131.125 to the newly created ORS 163.427 and its definition of first-degree sexual abuse. Accordingly, we conclude that the legislature intended that the offenses for which defendant was indicted be subject to a six-year limitation period.

Affirmed.