Argued and submitted February 16, 1999, reversed and remanded in part;
otherwise affirmed January 12, 2000

# RICHARD A. BRITTON,
*Appellant,*

*v.*

# Debra SLATER,
Superintendent,
Powder River Correctional Facility,
*Respondent.*

## (95589; CA A98908)

994 P2d 1203

J. R. Perkins, III, argued the cause and filed the brief for appellant.

Denise Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner sought post-conviction relief from his convictions on two counts of first-degree sexual abuse, ORS 163.425 (1989), asserting that he was deprived of effective assistance of counsel when his counsel did not inform petitioner of his right to testify and when his counsel did not object to a sentence of five years of post-prison supervision for each conviction. The trial court denied petitioner's claims. On appeal, we affirm in part and reverse in part.

Petitioner was charged with four counts of first-degree sexual abuse. Counts one and two alleged a crime committed after August 6, 1991, ORS 163.427 (1991), and counts three and four alleged a crime committed before August 6, 1991, ORS 163.425 (1989). Because the legislature changed the definition of sexual abuse in the first degree, effective August 6, 1991, counts one and two constituted Class B felonies and counts three and four constituted Class C felonies. Or Laws 1991, ch 830, § 3. Counts one and two were dismissed, and petitioner was tried and convicted of counts three and four. Petitioner was given a maximum upward departure sentence of 44 months' incarceration with a post-prison supervision term of 60 months on count three, and a consecutive term of 18 months' incarceration with a post-prison term of 60 months on count four. Petitioner's trial lawyer objected to the upward departure and consecutive sentences.

In his first assignment of error petitioner contends that his trial attorney's representation was inadequate because that attorney failed to advise petitioner of his right to testify on his own behalf. Based on the post-conviction trial court's explicit and implicit credibility findings, we reject petitioner's argument that trial counsel denied petitioner's right to testify. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

Petitioner's second assignment of error is that the post-conviction trial court erred when it concluded that his trial attorney's failure to object to the post-prison sentencing terms of 60 months did not constitute ineffective assistance of counsel. Petitioner's convictions were for crimes with a crime seriousness category eight and required 36 months of post-prison supervision per conviction. *Former* OAR 253-05-002

(1989). The criminal trial court gave petitioner 60 months' post-prison supervision for each conviction. Petitioner argues that, because trial counsel did not object to the erroneous post-prison supervision term, petitioner could not raise the error on direct appeal. The state concedes that, based on the dates of the criminal offenses, 36 months was the upper limit for post-prison supervision for a Class C felony. However, the state contends that petitioner could and should have raised that error on direct appeal because it was error apparent on the face of the record. ORAP 5.45(2). *See State v. Newsom*, 148 Or App 84, 939 P2d 90 (1997) (improper term of post-prison supervision is an error of law apparent on the face of the record and may be considered by appellate court). Furthermore, the state argues that, because it could have been raised on direct appeal and was not, the issue is not available for post-conviction relief. ORS 138.550(2).

■■■ Because petitioner asserts that his improper post-prison supervision term was due to inadequate assistance of counsel, he may raise the issue in his claim for post-conviction relief. *Palmer v. State of Oregon*, 318 Or 352, 355-61, 867 P2d 1368 (1994). Petitioner must demonstrate, by a preponderance of the evidence, that trial counsel failed to exercise reasonable professional skill and judgment in petitioner's defense and that petitioner suffered prejudice as a result. *Stevens v. State of Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995). Because the applicable law at the time the crime was committed was clear that the maximum period of post-prison supervision for a Class C felony was 36 months, trial counsel's failure to object to the trial court that it had imposed an unauthorized term of post-prison supervision constituted a failure to exercise reasonable professional skill and judgment. As a consequence, petitioner was prejudiced in that he must serve an additional 24 months of post-prison supervision for each conviction. Thus, petitioner has satisfied the requirements of his second claim for post-conviction relief. We therefore reverse the post-conviction trial court and remand to correct the error.

Reversed and remanded with instructions to grant post-conviction relief as to the sentencing matter; otherwise affirmed.