No. 108          February 12, 2025          845

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MARK AGUIRRE,
*Petitioner-Appellant,*

*v.*

Delores MATTEUCCI,
Superintendent,
Oregon State Hospital,
*Defendant-Respondent.*

Marion County Circuit Court
21CV32882; A181408

Claudia M. Burton, Senior Judge.

Submitted January 14, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Petitioner, who has been sentenced to the jurisdiction of the Psychiatric Security Review Board for a period of 20 years, appeals from a judgment denying him post-conviction relief. Petitioner raises one assignment of error: that the post-conviction court erred when it denied relief on petitioner's claim of ineffective and inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. Deferring to the factual findings made by the post-conviction court and reviewing for legal error, *Montez v. Czerniak*, 355 Or 1, 8, 322 P3d 487, *adh'd to on recons*, 355 Or 598 (2014), we affirm.

To establish inadequate or ineffective assistance of counsel, a petitioner must prove both a performance element and a prejudice element, by a preponderance of the evidence. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards for inadequate and ineffective assistance of counsel under the state and federal constitutions). A defendant's Sixth Amendment constitutional right is violated when a trial attorney contravenes the defendant's vociferous insistence and adamant objection to any admission of guilt. *McCoy v. Louisiana*, 584 US 414, 417, 138 S Ct 1500, 200 L Ed 2d 821 (2018). Applying *McCoy* to a claim for ineffective or inadequate assistance of counsel in a post-conviction relief case, "requires a factual inquiry into what was the defendant's fundamental objective for the representation, as expressed to defense counsel." *Thompson v. Cain*, 295 Or App 433, 435, 433 P3d 772 (2018).

After being charged with burglary in the first and second degree and unlawful use of a weapon, petitioner was evaluated for his ability to aid and assist in his defense. The court determined he was unable to do so and, after a period of time at the Oregon State Hospital, the court determined that petitioner's ability to aid and assist was restored. Petitioner was found guilty except for insanity (GEI) following a stipulated facts trial. In a petition before the post-conviction court, he asserted that he made it clear to his trial attorney that he did not want to concede guilt but that, nonetheless,

his attorney proceeded with a legal strategy that included an admission of his guilt. Petitioner argued to the post-conviction court—as he does now[1]—that he did not understand that agreeing to a stipulated facts trial and jury waiver effectively conceded that he had committed the underlying acts. The post-conviction court denied relief and found:

> "Having reviewed all of the exhibits filed in this case, including the psychiatric/psychological reports, the transcript, the police reports, trial counsel's declaration, and petitioner's declarations; and considering the testimony at trial, I find that petitioner did not expressly convey to his trial counsel that he did not want to admit to committing the acts in question."

The state responds that the post-conviction court did not err and that the record supports the findings. Specifically, the state notes that, in making the finding that petitioner did not expressly convey to trial counsel his desire to not concede guilt, the post-conviction court implicitly deemed petitioner's declaration not credible. The state further notes that the post-conviction court expressly found trial counsel's declaration testimony credible—in which counsel stated that he had multiple conversations with petitioner about proceeding with a GEI defense and a stipulated facts trial; relied on the trial court's pretrial colloquy with petitioner—which included conversation about petitioner stipulating to the facts in the case and waiving his right to a jury trial; and, reasonably relied on petitioner's fitness and GEI evaluation conducted by Dr. Penumetcha—which did not include petitioner denying the alleged conduct, though did include petitioner explaining that he was "so confused at that time" and that he thought he "was in a movie" and that he was "getting props for a movie."

We are generally bound by the post-conviction court's credibility findings, *see Britton v. Slater*, 165 Or App 46, 48, 994 P2d 1203 (2000) (deferring to post-conviction court's explicit and implicit credibility findings), and we conclude that evidence in the record supports the post-conviction court's factual findings, including the finding that petitioner did not expressly convey to trial counsel that

---

[1] Petitioner alternatively requests that we grant or order "such other relief as may be proper and just," as provided in ORS 138.520.

he did not want to concede guilt. Although it may be true that petitioner's internal belief is that he did not wish to concede guilt for having carried out the underlying conduct, the record includes evidence to support the post-conviction court's finding that petitioner did not make his desire to not concede guilt expressly clear to his trial counsel. Thus, we affirm the post-conviction court's rejection of petitioner's claim for post-conviction relief.

Affirmed.