Argued and submitted October 29, 2002, affirmed May 15, 2003

## OREGONIANS FOR SOUND ECONOMIC POLICY, INC.,
an Oregon nonprofit corporation,
*Respondent,*

*v.*

## STATE ACCIDENT INSURANCE FUND CORPORATION,
an independent public corporation,
*Appellant.*

00C-15769; A114043

69 P3d 742

Richard D. Wasserman, Assistant Attorney General, argued the cause for appellant. With him on the briefs were

Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

John DiLorenzo, Jr., argued the cause for respondent. With him on the brief were Aaron K. Stuckey and Hagen, Dye, Hirschy & DiLorenzo, P.C.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

ORS 656.702(1) provides that "[t]he records of the State Accident Insurance Fund Corporation, excepting employer account records and claimant files, shall be open to public inspection." Invoking that statute, plaintiff Oregonians for Sound Economic Policy, Inc. (OSEP), requested that the State Accident Insurance Fund Corporation (SAIF) disclose certain documents other than employer account records and claimant files. SAIF declined to disclose all of the records requested, claiming additional exceptions contained in the Public Records Law, ORS 192.410 to 192.505.[1]

OSEP then initiated this action for a declaration that it is entitled to the requested documents pursuant to ORS 656.702(1). The trial court entered summary judgment in favor of OSEP and declared that it is entitled to the requested documents. SAIF appeals, arguing that (1) the declaratory judgment action should have been dismissed because OSEP failed to exhaust remedies available to it under the Public Records Law, which SAIF contends provides the exclusive remedy for obtaining an order compelling disclosure of a public record; and (2) in any event, summary judgment should have been entered in favor of SAIF because the requested documents are subject to exemptions that, although not stated in ORS 656.702(1), nevertheless are applicable under the Public Records Law. OSEP responds that (1) the trial court correctly denied SAIF's motion to dismiss because the Public Records Law is not the exclusive remedy for obtaining an order to disclose public records; and (2) the exceptions that SAIF invokes do not apply to requests filed pursuant to ORS 656.702(1). We agree with OSEP on both points and affirm.

---

[1] The Supreme Court has referred to the law as both the "public records act," *e.g., Jordan v. MVD*, 308 Or 433, 438, 781 P2d 1203 (1989), and the "Public Records Law," *e.g., Starrett/Nichols v. Myers*, 330 Or 139, 145, 998 P2d 671 (2000). The statute itself does not claim one label or the other. We call it the "Public Records Law" because the parties do and because it seems to be the most recent preference of the Supreme Court.

## I.   FACTUAL BACKGROUND

The relevant facts are not in dispute. On January 21, 2000, OSEP delivered a written request to SAIF to inspect various documents, including minutes of meetings of SAIF's board of directors, correspondence relating to declarations of dividends, documents relating to any SAIF dividend policy, documents concerning circumstances in which dividends for policyholders exceed the premiums paid by policyholders, and other related documents. OSEP did not request any employer account records or claimant files.

On January 24, SAIF responded that it was "duly processing" the request, but, because of the breadth of the request, it would require advance payment for copying expenses. SAIF also stated that it would not produce many of the requested documents because they are subject to exemptions from disclosure under the Public Records Law.

The following day, OSEP replied that it was requesting the records pursuant to ORS 656.702(1) and that, therefore, the exemptions contained in the Public Records Law do not apply. There followed an exchange of letters reiterating the parties' positions concerning the applicability of certain exemptions contained in the Public Records Law. SAIF ultimately invited OSEP to "complain to the Attorney General or to try to complain to a court." In the meantime, SAIF stated that it did not intend to disclose documents that it considered subject to the claimed exemptions. As for the balance of the requested documents, SAIF explained that it would not comply until it received payment of more than $50,000 for expenses.

OSEP petitioned the Attorney General for a determination whether its request had been lawfully denied. On May 11, 2000, the Attorney General issued a letter in response to the petition. The letter stated that SAIF had constructively denied OSEP's request for documents that SAIF considers to be exempt from disclosure, but that SAIF is generally entitled to rely on exemptions contained in the Public Records Law. In addition, the letter stated that the legal question whether SAIF is entitled to claim those exemptions is ripe for decision, but that the applicability of any particular

exemption must await SAIF's more complete review of the requested documents.

OSEP then initiated this action. It asserted two claims, one for violation of the Public Records Law and the other for a declaratory judgment, pursuant to ORS 28.010 and ORS 28.020, that ORS 656.702(1) requires SAIF to disclose the documents that OSEP requested.

SAIF moved to dismiss both claims. SAIF argued that the claim for violating the Public Records Law failed as a matter of law because OSEP had failed to exhaust remedies available to it under that law. SAIF argued that the claim for declaratory relief likewise failed because the Public Records Law is the exclusive means by which to obtain an order requiring production of a public record. The trial court agreed with SAIF as to the first claim and ordered it dismissed. The trial court denied SAIF's motion as to the second claim, however.

Both parties moved for summary judgment on the declaratory judgment claim. SAIF argued that it is entitled to invoke various exemptions set out in ORS 192.501 and ORS 192.502,[2] while OSEP argued that ORS 656.702(1) includes no reference to any exemptions other than those for employer account records and claimant files, records that OSEP had not requested. The trial court agreed with OSEP and entered a judgment dismissing the first claim and granting the following declaratory relief on the second claim:

"1. The court declares that the exemptions contained within ORS 192.501 and 192.502 are not applicable to the records request which has been made by the plaintiff under ORS 656.702.

"2. The court further declares that defendant may not deny plaintiff's records request, or any portion thereof, based upon the exemptions contained in ORS 192.501 and 192.502."

---

[2] ORS 192.501 lists 26 categories of documents that are "conditionally exempt from disclosure," while ORS 192.502 lists 31 categories of documents that are "exempt from disclosure."

## II.   DISPOSITION OF THE MERITS

### A.   *Denial of SAIF's Motion to Dismiss*

■      On appeal, SAIF first argues that the trial court erred in denying its motion to dismiss the second claim on the ground that the Public Records Law is the exclusive statutory mechanism for obtaining public records. SAIF contends that the wording of the Public Records Law, two rules of construction, and an analogous statute all confirm that "the legislature unambiguously showed its intent that the [Public Records] Law apply to all [public records] requests without exception or limitation."

For its textual argument, SAIF relies on the fact that the Public Records Law sets forth a comprehensive set of procedures by which any person may inspect "any public record." For example, SAIF observes, ORS 192.420 provides that, subject to specific exemptions, "[e]very person has a right to inspect any public record of a public body in this state." Similarly, SAIF notes, ORS 192.430 provides that the custodian of "any public record" must furnish reasonable opportunities for inspection. And, it further observes, subject to exemptions, ORS 192.450(1) provides that any person denied the right to inspect "any public record" may petition the Attorney General to review the record to determine whether it may be withheld from public inspection. According to SAIF, the repeated statutory references to "*any* public record" suggests that the legislature intended the Public Records Law to constitute the exclusive means of obtaining access to those records. (Emphasis added.)

The two rules of construction that SAIF invokes are (1) in case of a conflict between relevant provisions, the specific controls the general, ORS 174.020(2); and (2) where there are several relevant provisions, the court must attempt to give effect to all, ORS 174.010. As to the former, SAIF argues that the judicial review provisions of ORS 192.450 are more specific, and therefore controlling, to the extent that they conflict with the more general declaratory judgment provisions of ORS 28.010 and ORS 28.020 by which OSEP

seeks to enforce ORS 656.702. As to the latter rule of construction, SAIF argues that permitting OSEP to seek disclosure of documents directly under ORS 656.702 by means of a declaratory judgment "would effectively negate" the Public Records Law.

The analogous statute, according to SAIF, is the Administrative Procedures Act (APA), ORS chapter 183, which establishes a comprehensive set of procedures for judicial review of decisions of administrative agencies. Just as the courts have held the APA to be the exclusive remedy for seeking judicial review of administrative agency decisions, SAIF argues, so also should they conclude that the comprehensive procedures set out in the Public Records Law are the exclusive means of reviewing denials of access to public records.

OSEP takes issue with each of SAIF's three arguments. As to the textual argument, OSEP contends that, while the Public Records Law provides that disclosure of "any public record" *may* be obtained through the procedures described in that statute, nothing states that the Public Records Law is the only means of doing so.

As to the cited rules of construction, OSEP maintains that both militate against, not in favor of, SAIF's position. Thus, it argues, as to ORS 174.010, reading the Public Records Law to constitute the exclusive means of obtaining disclosure of public records would "entirely negate[ ]" the express provisions of ORS 656.702. Likewise, OSEP argues, as to ORS 174.020, SAIF does not compare the correct statutes in determining which is more specific. While SAIF compares the general review provisions of the Declaratory Judgments Act with the more specific Public Records Law, OSEP argues that the more relevant comparison is between ORS 656.702, a statute specific to SAIF records, and Public Records Law, which—as SAIF is at pains to claim—applies to the disclosure of "any public record."

Finally, OSEP contends that SAIF's analogy to the APA is inapt because the APA expressly provides that that statute is the exclusive means of judicial review of administrative agency action. ORS 183.480(2). There is, OSEP notes,

no equivalent exclusivity provision in the Public Records Law.

Whether the judicial review provisions of the Public Records Law constitute the exclusive means of obtaining an order to disclose a public record is a question of statutory construction, which we review as a matter of law in accordance with the well-worn principles stated in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We attempt to ascertain the construction of the statute that the enacting legislature most likely intended, looking first to the text in context and, if necessary, to legislative history and to other aids to construction. *Id.*

ORS 656.702 provides, in part:

"(1)  The records of the State Accident Insurance Fund Corporation, excepting employer account records and claimant files, shall be open to public inspection. * * *

"(2)  Disclosure of workers' compensation claim records of the Department of Consumer and Business Services is governed by ORS 192.502(19)."

The statute does not include any express enforcement mechanism. But, under ORS 28.010, a court may "declare rights, status, and other legal relations." And, under ORS 28.020, a litigant whose rights are affected by a statute may "obtain a declaration of rights, status or other legal relations thereunder." At least on the face of things, it appears that OSEP is not precluded from seeking a declaratory judgment as to the scope and applicability of ORS 656.702.

Confirming that conclusion is the Supreme Court's decision in *Miller v. Water Wonderland Improvement District*, 326 Or 306, 951 P2d 720 (1998). In that case, a member of a water improvement district requested copies of, among other things, minutes of meetings of the board of directors of a water district corporation established under ORS chapter 554. The water district objected to the request, asserting that a water district is not a "public body" that is subject to the disclosure requirements of the Public Records Law. The trial court agreed, as did this court. The Supreme Court, however, determined that it did not matter whether the water district was a "public body" within the meaning of

the Public Records Law, because a separate statute required disclosure of the requested documents. *Miller*, 326 Or at 309-10.

The court noted that ORS 554.120(1) provides that the board of directors of a water district must permit inspection of its minutes of "all meetings, proceedings, certificates, bonds, and any and all corporate acts" and that those records "shall be at all times open to the inspection of anyone interested, whether members or creditors." *Miller*, 326 Or at 308-09 (emphasis omitted). The court acknowledged that the statute did not include a mechanism for enforcement, but nevertheless noted that the statute could be enforced under the Declaratory Judgments Act:

> "Enactment of the statute mandating disclosure of district records to a member was not accompanied by enactment of any express enforcement mechanism. However, plaintiff seeks a declaration of his statutory rights. Provisions of the Uniform Declaratory Judgments Act enable a litigant to obtain a court declaration of the meaning of a statute and of the litigant's status and rights thereunder. ORS 28.010, 28.020. Ancillary relief is available to enforce the rights declared. ORS 28.020, 28.080, 28.120; *see also Burke v. Children's Services Division*, 288 Or 533, 542, 607 P2d 141 (1980) (so holding)."

*Miller*, 326 Or at 310 n 5.

Thus, *Miller* explicitly stands for the proposition that the Declaratory Judgments Act provides a statutory mechanism for enforcing disclosure statutes. The decision also at least implicitly stands for the proposition that the Public Records Law is not the exclusive means of obtaining an order requiring disclosure of a public document. Because the court found that ORS 554.120 provided an independent obligation to disclose the requested documents, it held that it was not necessary to address whether the Public Records Law applied. If, as SAIF suggests, the Public Records Law actually were the exclusive means of obtaining public records in this state, then logically the court in *Miller* could not have stated that it was unnecessary to address the applicability of that law.[3]

---

[3] In a similar vein, we have held that merely because a given record is exempt from disclosure under one statute—even the Public Records Law—does not

In any event, SAIF's arguments in favor of the exclusivity of the Public Records Law are not persuasive. To begin with, the argument that—because the Public Records Law is comprehensive, it must be exclusive—is a *non sequitur*. The comprehensiveness of a particular piece of legislation proves only one thing, namely, its comprehensiveness. Nothing prevents the legislature from creating additional, independent mechanisms to achieve related policy objectives. *See, e.g., Swett v. Bradbury*, 333 Or 597, 604, 43 P3d 1094 (2002) (review procedures set out in ORS 250.044(1) are not exclusive for all statutory ballot measures); *Burk v. Hall*, 186 Or App 113, 119, 62 P3d 394 (2003) (ORS chapter 125 provides comprehensive framework regarding guardianship proceedings, but remains qualified by requirements of ORS 109.119). The more appropriate inquiry is whether the legislature has enacted statutory wording that communicates an intention that a particular statutory scheme is exclusive.

The legislature certainly knows how to do that. In the case of the APA, for example, the legislature plainly declared that "[j]udicial review of final orders of agencies shall be *solely* as provided" in that Act. ORS 183.480(2) (emphasis added). Similarly, in the Workers' Compensation Law, the legislature included a provision declaring that "[t]he liability of every employer who satisfies the duty [to provide workers' compensation insurance coverage] is *exclusive* and in place of all other liability * * *." ORS 656.018(1)(a) (emphasis added). Likewise, the Workers' Compensation Law declares that "[a]ny issue concerning the provision of medical services to injured workers subject to a managed care contract and service utilization review * * * shall be subject *solely* to review by the director * * *." ORS 656.260(6) (emphasis added). In the case of the Public Records Law, however, there is no such declaration. *See Emerald PUD v. PP&L*, 302 Or 256, 269, 729 P2d 552 (1986) ("when the legislature includes an express provision in one statute but

necessarily mean that the record is not subject to disclosure under another. *See, e.g., Kahn v. Pony Express Courier Corp.*, 173 Or App 127, 138-39, 20 P3d 837, *rev den*, 332 Or 518 (2001) (even though confidential under ORS 409.225, documents were discoverable under ORCP 36 B); *Premier Technology v. Oregon State Lottery*, 136 Or App 124, 135, 901 P2d 883 (1995) ("The fact that the information is exempt from disclosure under the Public Records Act does not necessarily mean, however, that it is privileged and therefore not discoverable under ORCP 36 B.").

omits such a provision in another statute, it may be inferred that such an omission was deliberate" (internal quotation marks omitted)).

SAIF's argument that we may infer such an intention from the repeated references to the term "any public record" is unavailing. That a person "has a right to inspect any public record" pursuant to the Public Records Law, ORS 192.420, does not mean that a person has the right to inspect any public record *only* under the Public Records Law.

Similarly, SAIF's reliance on various rules of statutory construction is unconvincing. To begin with, caution is always in order when invoking such rules of construction, if for no other reason than they are often quite vague themselves and subject to manipulation. For example, the rule that, in cases of conflict, specific statutory provisions control over general ones can produce different results depending on which statute is characterized as the specific and which as the general. The problem is that, in many cases, the same statutes may be characterized as specific or general depending on which features a court chooses to emphasize. In a similar vein, the application of the rule depends on which statutes are deemed to conflict. This case demonstrates the problem. SAIF argues that the judicial review provisions of the Public Records Law, ORS 192.450, prevail as to the conflicting provisions of the more general Declaratory Judgments Act, ORS 28.010 and ORS 28.020. It seems to us that SAIF contrasts the wrong statutes and that the conflict, if any, is between the Public Records Law, which provides a right of access to public records generally, and ORS 656.702(1), which provides a right of access to specific types of records maintained by SAIF.

Similar problems infect SAIF's reliance on the rule that relevant statutory provisions must be read so as to give effect to all. The invocation of that rule frequently amounts to no more than an exercise in question-begging. That is so in this case, in which SAIF's assertion—that permitting OSEP to enforce ORS 656.702(1) independently of the Public Records Law, "effectively negate[s]" the Public Records Law—depends on an assumption that the Public Records Law was intended to provide an exclusive remedy in the first

place. If anything, the rule that all relevant statutory provisions must be given effect cuts against SAIF's argument, for, if SAIF is correct that the Public Records Law is the exclusive means of obtaining public records, then ORS 656.702(1) has no apparent purpose.

As for SAIF's reliance on the asserted analogy between the Public Records Law and the APA, a comparison of the texts of the two enactments demonstrates that the analogy is inapt. As OSEP notes, the APA expressly declares that judicial review of final orders of administrative agencies may be obtained solely through the procedures described in that act, ORS 183.480(2), while the Public Records Law contains no such wording.

In short, nothing in the text of the Public Records Law read in its context suggests that the legislature intended the enforcement mechanisms of that statute to be the exclusive means by which to obtain the disclosure of the records that OSEP has requested. The trial court therefore did not err in denying SAIF's motion to dismiss the declaratory judgment claim.

B.  *Denial of SAIF's Motion for Summary Judgment*

SAIF contends that, even if OSEP is permitted to seek a declaration of its rights under ORS 656.702(1), the trial court erred in declaring that SAIF cannot rely on certain exemptions set out in ORS 192.501 and ORS 192.502 as a basis for denying OSEP access to the documents that it has requested. Both sections consist of lists of public records that are exempt from disclosure "under ORS 192.410 to 192.505," that is, from disclosure under the Public Records Law. SAIF acknowledges that, as quoted, the wording of both sections would appear to defeat its contention, because OSEP's records request is grounded in ORS 656.702(1), not the Public Records Law. SAIF insists that the legislature nevertheless intended that the exemptions apply to requests filed under ORS 656.702(1), because the quoted wording actually does not appear in the original 1973 law itself. Instead, SAIF argues, the reference to disclosure of public records "under ORS 192.410 to 192.505" was erroneously introduced by legislative counsel in codifying the statute. According to SAIF,

the text of the law originally provided that the specified public records are exempt from disclosure "under this 1973 Act." Or Laws 1973, ch 794, § 11. SAIF emphasizes that the 1973 Act contained not only a new Public Records Law but also revisions to ORS 656.702(1). Or Laws 1973, ch 794, § 33a. Thus, SAIF contends, because an amendment to ORS 656.702(1) appears in the 1973 Act, a request for records pursuant to that statute is, in effect, a request "under this 1973 Act." In further support, SAIF points to the fact that the 1973 legislation also specifically referred to documents that are exempt under ORS 656.702 as also being exempt from requests "under this 1973 Act." Or Laws 1973, ch 794, § 11. Thus, SAIF reasons, the legislature clearly thought that a request under ORS 656.702 also functions as a request "under this 1973 Act."

OSEP argues that legislative counsel committed no codification error. According to OSEP, the legislature merely amended the wording of an exemption described in ORS 656.702(1), whereas the right to inspect SAIF's records pursuant to ORS 656.702(1) predated the 1973 enactment by many decades. Thus, OSEP argues, in no reasonable sense can it be said that the right to inspect documents under ORS 656.702(1) arises "under this 1973 Act." As for the cross-reference to the exemption expressed in ORS 656.702, OSEP contends that SAIF's construction of that provision is correct only if it is assumed that the Public Records Law is the exclusive means of obtaining access to public records. The reference makes perfect sense, OSEP contends, because public records may be requested of SAIF both under the Public Records Law and ORS 656.702.

We are required again to determine the intended meaning of relevant statutes as a matter of law, beginning with the text in context and, if necessary, legislative history and applicable rules of construction. *PGE*, 317 Or at 610-12.

We begin with the text of the relevant statutes. ORS 656.702 provides, in part:

"(1) The records of the State Accident Insurance Fund Corporation, excepting employer account records and claimant files, shall be open to public inspection. * * *

"(2)   Disclosure of workers' compensation claim records of the Department of Consumer and Business Services is governed by ORS 192.502(19)."

The statute refers to two—and only two—exceptions to the requirement that SAIF's records be open to public inspection: (1) employer account records and (2) claimant files. In addition, the statute expressly mentions ORS 192.502(19) as governing one of the two express exemptions, relating to claimant files. The legislature apparently was aware of the exemptions contained in the Public Records Law and chose to make only one of them relevant to requests filed under ORS 656.702(1). In fact, if, as SAIF suggests, the exemptions set out in ORS 192.501 and ORS 192.502 applied to requests filed under ORS 656.702, then subsection (2) of that statute would be entirely superfluous, for ORS 192.502(19) already would apply. In construing legislation, "we are to presume that the legislature did not intend to enact a meaningless statute." *FOPPO v. Washington County*, 142 Or App 252, 259, 920 P2d 1141, *rev den*, 324 Or 394 (1996). Thus, the text of ORS 656.702 strongly suggests that the legislature did not intend that the additional exemptions contained in ORS 192.501 and ORS 192.502 apply to requests filed pursuant to ORS 656.702(1).

That is not to say that the legislature could not enact additional exemptions that, by their terms, apply to requests filed under ORS 656.702. Whether the legislature has done so depends on the wording of those additional exemptions. ORS 192.501 and ORS 192.502 both begin with the qualification that the records that they list are "exempt from disclosure under ORS 192.410 to 192.505," that is, from disclosure under the Public Records Law. As SAIF acknowledges, that phrasing suggests that the exemptions do not apply to requests filed pursuant to ORS 656.702(1).

There remains SAIF's argument that ORS 192.501 and ORS 192.502 actually were intended to say something else. To address that argument, we must examine the wording of the original enactment, as opposed to what has been codified by legislative counsel. *State v. Rothman*, 69 Or App 614, 618-19, 687 P2d 798, *rev den*, 298 Or 172 (1984) (where codification differs in substance from version of law enacted

by legislature, courts must follow the law as enacted). In turn, we must examine that wording in the context of the prior wording of the relevant statutes. *Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994) (examination of text of statute may include prior versions of the text).

The current version of ORS 656.702(1) predates the first edition of the Oregon Revised Statutes issued in 1953. In fact, the original version dates back to 1929. Or Laws 1929, ch 286, § 1. As originally enacted, the statute provided, "The records of [Industrial Accident Commission], excepting payrolls and confidential reports, shall be open to public inspection." *Id.* (codified at Oregon Code, title XLIX, ch 18, § 49-1807 (1930)). The statute was later renumbered as ORS 656.702. It remained unchanged until 1973, when the legislature first enacted the Public Records Law.

In 1973, the legislature enacted a law "[r]elating to public disclosure by public bodies of public matters." Or Laws 1973, ch 794, relating clause. Sections 2 through 11 of the law comprised what is now known as the Public Records Law. *Id.* at §§ 2-11. The new law declared the right of every person to inspect "any public record of a public body in this state, except as otherwise expressly provided by section 11 of this 1973 Act." Or Laws 1973, ch 794, § 3. Subsections 11(1) and (2), in turn, declared that "[t]he following public records are exempt from disclosure under this 1973 Act." *Id.* at § 11.

Subsections 11(1) and (2) then listed a number of exemptions. The one stated in paragraph 11(2)(h) provides that, in response to a request made "under this 1973 Act," there need be no disclosure of "[p]ublic records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under ORS * * * 656.702." Or Laws 1973, ch 794, § 11(2)(h).

The balance of the law, some 17 sections in all, enacted amendments to various existing statutes concerning the disclosure of records maintained by public bodies. Section 13, for example, amended the Oregon Evidence Code to make clear that "[a] public officer shall not be examined as to * * * **public records exempt from disclosure under this 1973 Act.**" Or Laws 1973, ch 794, § 13(e) (boldface in original; boldface indicates new additions to statute). Section 15 similarly

amended ORS 146.780(2), which concerns medical investigator reports, to provide that, "[n]otwithstanding the provisions of [*ORS 192.005 to 192.170*] **sections 2 to 11 of this Act** relating to confidentiality and accessibility for public inspection of public records [*and public documents*], records and reports compiled under the provisions of this section are confidential and are not accessible for public inspection." (Boldface and italics in original; italics indicate deletion from statute.) Section 16 similarly amends ORS 181.540 to provide that,

> "[n]otwithstanding the provisions of [*ORS 192.005 to 192.170*] **sections 2 to 11 of this 1973 Act** relating to confidentiality and accessibility for public inspection of public records [*and public documents*], fingerprints, photographs, records and reports compiled under the provisions of ORS 181.510 to 181.530 are confidential and are not accessible for public inspection except as provided in subsection (2) of ORS 181.065, or as ordered by a court."

(Boldface and italics in original.)

Then, in section 33a, the legislature made no reference to the new Public Records Law created in sections 2 to 11, but instead merely revised the wording of the exemption provided in ORS 656.702:

> "The records of the [*board and the*] State Accident Insurance Fund, excepting [*payrolls and confidential reports*] **employer account records and dividend schedules and formulas**, shall be open to public inspection."

Or Laws 1973, ch 794, § 33a (boldface and italics in original).

That remained the wording of ORS 656.702(1) until 1987, when the legislature again altered the wording of the second exemption by deleting reference to "dividend schedules and formulas" and inserting the reference to "claimant files" that now appears in the statute. Or Laws 1987, ch 884, § 47.

After examining the foregoing, we cannot accept SAIF's contention that it demonstrates that the legislature intended the exemptions ultimately codified in ORS 192.501 and ORS 192.502 to mean something different from what the

codified version now states, that is, that they apply to anything other than requests for public records filed under the Public Records Law. We do not find in the original wording of the enactment evidence that the legislature intended the exemptions to apply to requests filed under ORS 656.702. We reach that conclusion for several reasons.

First, SAIF's argument reads too much into the phrase "under this 1973 Act." Certainly the 1973 Act included an amendment to ORS 656.702. But that amendment merely altered the description of the exemptions that apply to requests filed under that statute. The right to inspect SAIF records that is conferred by ORS 656.702 predates the 1973 Act by decades. SAIF appears to argue that, because the amendments in the 1973 Act included the full text of ORS 656.702, the full text somehow became part of the 1973 Act so that references to "disclosure under this 1973 Act" may be understood to include disclosure under ORS 656.702 in its entirety and not just the amendments to that statute. That, however, is contrary to the ancient principle that amendatory acts consist only of the changes or additions to an existing statute and that "those portions of the old section that are merely copied into the amendment without change are not to be considered as re-enacted or as a new statement of the law." *Allison v. Hatton*, 46 Or 370, 372, 80 P 101 (1905); *see also State ex rel Caleb v. Beesley*, 326 Or 83, 88, 949 P2d 724 (1997) (same). Thus, a request for documents pursuant to ORS 656.702(1) is not a request "under this 1973 Act" because the right to make the request does not derive from that act.

Second, in the original 1973 Act, the legislature took the trouble to expressly declare the circumstances in which the enactment of sections 2 to 11, the new Public Records Law, altered existing statutes pertaining to the disclosure of public records. For example, as previously noted, in section 13, the 1973 Act provided that certain existing rules of evidentiary privilege are subject to the provisions of the new Public Records Law. Or Laws 1973, ch 794, § 13. Section 33a, however, does not mention sections 2 to 11 at all. Again, the legislature apparently knows how to make clear that it intends existing statutes to be affected by the enactment of

sections 2 to 11. It did not do so with respect to ORS 656.702(1).

Third, the fact that the list of exemptions in section 11 of the 1973 Act refers to the two exemptions in ORS 656.702 does not mean, as SAIF insists, that requests under ORS 656.702 are necessarily requests "under this 1973 Act." As OSEP correctly observes, that conclusion follows only from the premise that the Public Records Law is the exclusive means of obtaining disclosure of public records, a premise that we have determined is an untenable one. The reference in section 11 to records exempted from disclosure under ORS 656.702 makes perfect sense when it is recalled that records may be requested of SAIF both under the Public Records Law and under ORS 656.702. It is apparent that the legislature intended merely to make clear that whether a request is filed under the Public Records Law or ORS 656.702, two classes of documents—employer account records and claimant files—are exempt from disclosure. In fact, that is the only reading that gives meaning to all statutes involved.

SAIF insists that failing to apply the exemptions expressed in ORS 192.501 and ORS 192.502 to requests filed under ORS 656.702(1) would hamper its ability to compete in the marketplace for workers' compensation insurance because highly sensitive information would be available to its competitors. The legislature, SAIF pleads, could not have intended such a result. That argument is more appropriately addressed to the legislature, however. Indeed, it is akin to the sort of "absurd results" argument that the Supreme Court has held is inappropriate in the absence of an ambiguity incapable of resolution by examination of the text in context and the legislative history. *State v. Vasquez-Rubio*, 323 Or 275, 282-83, 917 P2d 494 (1996) (when legislative intent is clear from analysis of text in context, it is inappropriate to resort to absurd results rule).

SAIF also contends that the enactment history demonstrates that the legislature intended that the exemptions listed in ORS 192.501 and ORS 192.502 apply to requests filed under ORS 656.702. In particular, SAIF relies on statements in 1973 of then-Attorney General Lee Johnson to the

effect that the new Public Records Law was intended to have an "all-encompassing" effect, as well as statements offered on the floor of the House of Representatives demonstrating an intention that "Oregon's public records disclosure laws be a consistent and integrated whole."

SAIF does not explain, however, which portions of any relevant statute are capable of more than one reasonable construction, a necessary prerequisite to examination of legislative history under the rules of statutory construction. *PGE*, 317 Or at 610-12. Moreover, it is not entirely clear to us that the sources on which SAIF relies are—if "legislative history" at all—entitled to any weight. Johnson's comments, for example, are in a letter that he sent to the executive secretary of the Oregon State Employees Association. The letter apparently ended up in the bill file for the 1973 enactment, but SAIF provides no indication that any member of the legislature referred to it at a public hearing, during a work session, or during floor debate. Under the circumstances, it is not clear to us how such a piece of correspondence between nonlegislators suggests anything useful about the intentions of the Legislative Assembly. *See State v. Guzek*, 322 Or 245, 260, 906 P2d 272 (1995) (statements of nonlegislators "say little about the intent of the Oregon Legislative Assembly as a whole"). In any event, with one exception, none of the items of legislative history that SAIF cites—including the Johnson letter—concerns ORS 656.702 or its relationship to the exemptions that are described in section 11 of the 1973 Act. Instead, they recite general statements as to the need for a comprehensive public records law. As the Supreme Court's decision in *Miller* makes clear, however, the fact that the legislature intended to create a comprehensive disclosure process does not mean that the legislature did not also intend existing statutory processes to continue in effect.

The one exception is a statement of a representative of SAIF, who testified about the need to retain ORS 656.702 and the exemptions from public disclosure that it stated. From that statement, SAIF speculates—without citation to any further legislative history—that the legislature apparently retained ORS 656.702 not to preserve a separate disclosure obligation, but merely to make explicit the continuing vitality of the exemptions that the statute describes. Once

again, however, SAIF relies on the statements of nonlegislators without demonstrating that the legislature itself relied on them. What is more, the conclusion that SAIF draws from the testimony cannot be reconciled with the wording of the statute that the legislature actually enacted, which retains both the disclosure obligation and the exemptions expressed in ORS 656.702.

In short, the wording of both ORS 656.702(1) and the relevant provisions of the Public Records Law make clear that the exemptions listed in ORS 192.501 and ORS 192.502 do not apply to requests filed under ORS 656.702(1). SAIF's argument that the texts of those statutes do not really mean what they plainly say is unpersuasive. We therefore conclude that the trial court did not err in denying SAIF's motion for summary judgment.

Affirmed.