Submitted July 6, affirmed November 7, 2012

Timothy L. RICHARDSON,
*Plaintiff-Respondent,*

*v.*

OREGON DEPARTMENT OF TRANSPORTATION,
Department of Motor Vehicles,
*Defendant-Appellant.*

Clackamas County Circuit Court
CV10100021; A149361

292 P3d 557

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the briefs for appellant.

Timothy L. Richardson filed the briefs *pro se*.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

**HADLOCK, J.**

The Driver and Motor Vehicle Services Division (DMV) of the Oregon Department of Transportation suspended plaintiff's driving privileges in 2010 after receiving notice from the Central Lane Justice Court that plaintiff had failed to pay 17 traffic fines that he incurred in the 1990s. Plaintiff requested administrative review before DMV under ORS 809.440(2), and DMV issued three orders upholding the suspensions.[1] Plaintiff initiated proceedings in circuit court, and that court reviewed the DMV orders under ORS 183.484, which governs judicial review of orders in other than contested cases. The circuit court reversed the DMV orders, ruling that the agency had applied the law incorrectly, and ordered DMV to reinstate plaintiff's driving privileges. DMV now appeals the circuit court's judgment. As explained below, we conclude (albeit for reasons other than those on which the circuit court relied) that DMV erroneously interpreted certain statutory provisions related to suspensions of driving privileges when it rejected plaintiff's challenge to the suspension orders. We also conclude that, under a correct understanding of the law, DMV erred when it suspended petitioner's driving privileges in 2010. Accordingly, we affirm the circuit court's judgment.

We begin with a discussion of the statutes that govern suspension of driving privileges for failure to pay a traffic fine. When a person is convicted of a traffic offense and fails to pay a judicially imposed fine, ORS 809.210(1)(a) authorizes the court to "[i]ssue notice to the [DMV] to implement procedures under ORS 809.416." ORS 809.416, in turn, directs that the person is subject to the suspension of driving privileges under ORS 809.415(4) when DMV receives the ORS 809.210 notice of failure to pay the fine. The statute also specifies how long the person remains subject to the suspension of driving privileges:

"A person who is subject under this subsection remains subject until the person presents the department with

---

[1] The orders are not explicitly titled "orders," but are letters from DMV Operations and Policy Analyst Elizabeth Woods to plaintiff denying his challenge to the 2010 DMV suspensions. DMV has acknowledged that the letters are final orders for purposes of judicial review under ORS 183.484.

> notice issued by the court showing that the person has paid the fine or obeyed the order of the court *or until 10 years have elapsed, whichever is earlier.* * * * Upon receipt of notice from a court, the department shall send a letter by first class mail advising the person that the suspension will commence 60 days from the date of the letter unless the person presents the department with the notice required by this subsection."

ORS 809.416(2) (emphasis added). ORS 809.415(4) similarly directs that DMV "shall suspend driving privileges when provided under ORS 809.416." It, too, provides that suspension of a person's driving privileges under ORS 809.416(2) continues until either (1) the person "establishes to the satisfaction of the department that the person has performed all acts necessary under ORS 809.416 to make the person not subject to suspension" or (2) "[t]en years from the date the suspension is imposed." ORS 809.415(4)(a)(A), (B).[2]

A person whose driving privileges are suspended under ORS 809.415(4) is entitled to administrative review under ORS 809.440. ORS 809.415(4)(b). That review "shall consist of an informal administrative process to assure prompt and careful review by the department of the documents upon which an action is based." ORS 809.440(2)(a).[3] In that review, it "shall be a defense" to any Department of Transportation action if the person against whom the action is directed can establish that:

> "(A) A conviction on which the department's action is based was for an offense that did not involve a motor vehicle and the department's action is permitted only if the offense involves a motor vehicle.
>
> "(B) An out-of-state conviction on which the department's action is based was for an offense that is not comparable to an offense under Oregon law.

---

[2] When plaintiff first incurred the fines in 1996 and 1997, the maximum suspension period for failure to pay a traffic fine was five years, not 10. ORS 809.290(2) (1997). The legislature subsequently renumbered the pertinent statutory provisions and, in 2007, increased the suspension period to 10 years. Or Laws 2007, ch 127, § 1 (amending ORS 809.415(4)(a)(B)); *id.* § 2 (amending ORS 809.416(2)).

[3] Actions subject to ORS 809.440(2) administrative review are exempt from the provisions of ORS chapter 183 applicable to contested cases. ORS 809.440(2)(d).

"(C)   The records relied on by the department identify the wrong person."

ORS 809.440(2)(b). The person challenging a suspension of driving privileges (or other department action) has the burden of proving by a preponderance of the evidence that he or she is not subject to that action. ORS 809.440(2)(c). Judicial review of an administrative order affirming a suspension is available "as for review of orders other than contested cases." ORS 809.440(2)(e).

The facts relevant to our decision are undisputed. Between June 1996 and July 1997, the Central Lane Justice Court entered 17 judgments against plaintiff for motor vehicle violations. Each of those judgments required plaintiff to pay a fine, each of which plaintiff failed to pay. DMV notified plaintiff that his driving privileges would be suspended if he continued to fail to pay his fines and, on various dates between February 1997 and February 1998, DMV did suspend plaintiff's driving privileges. Each of those suspensions corresponded to a particular unpaid fine and, as DMV acknowledges, each of those suspensions lasted "5 years total," which then was the maximum statutory suspension period. *See* 253 Or App at 459 n 2.

Plaintiff first applied to reinstate his driving privileges on October 10, 2006, and he was issued a new license that same day. Plaintiff still has not paid any of his fines associated with the 1996 and 1997 judgments.

For reasons not clear on this record, plaintiff appeared before the justice court again on March 31, 2010, for proceedings related to his continuing failure to pay the fines imposed in 1996 and 1997. The justice court issued an order that day allowing plaintiff seven days to either pay the fines or make arrangements with the court clerk to do so. The March 31 justice court order, according to the circuit court, "did not impose license suspensions, but predicted that license suspensions [might] be ordered later if [plaintiff] failed to act." Plaintiff filed a motion for reconsideration, which the justice court denied. In the end, plaintiff did not satisfy the judgments and apparently did not attempt

to appeal the justice court's March 31, 2010, order or that court's denial of his motion for reconsideration.[4]

On May 26, 2010, the justice court sent DMV 17 notices under ORS 809.210, each corresponding to one of the incidents from 1996 or 1997. Each of those notices included the following statement (originally in all capital letters) from the justice court judge:

> "I certify that the defendant named above was notified to pay a fine on the stated charge and warned that for failure to pay, his/her license would be subject to suspension. You are hereby notified that the defendant failed to pay the above fine."

DMV then aggregated the justice court's notices into three groups and sent plaintiff three form letters stating that his driving privileges would be suspended in 60 days unless he contacted the court and "complet[ed] all the requirements necessary to clear this matter." The letters also informed plaintiff of his right to administrative review and informed plaintiff that, if he wanted administrative review, he should send DMV any evidence he had "to show [he was] not subject to this suspension." DMV explained that, in any administrative review, DMV would "look at [its] records and the documents concerning this matter to determine if [it] took appropriate action."

As noted above, plaintiff did not appeal the justice court's rulings; nor did he otherwise contact that court again after he received DMV's suspension-notice letters. However, plaintiff did request administrative review, asserting, among other things, that his driving privileges already had been ordered suspended in 1996 and 1997 for the then-applicable five-year statutory period for unpaid traffic fines. Accordingly, he argued, the period in which DMV could suspend his driving privileges had "expired long ago." Plaintiff specifically argued to DMV that ORS 809.416(2)

---

[4] Unfortunately, the record before us does not include any of the above-referenced documents from the 2010 justice court proceeding. The exhibit list from the circuit court judicial-review proceeding reveals that the circuit court received, as DMV's exhibits, the March 31, 2010, justice court order, plaintiff's motion for reconsideration of that order, and the justice court's order denying the reconsideration request, but neither party transmitted those documents to us on appeal.

and ORS 809.415(4)(a)(B) "limit the period of time for which [DMV] can suspend a license."

DMV conducted an administrative review in response to plaintiff's request. In the resulting orders, DMV provided only a brief response to plaintiff's contention that the time during which DMV could suspend his driving privileges for the unpaid fines had expired; it asserted that the current 10-year period referenced in ORS 809.416(2) "refers to the notice that DMV receives from a court, not from the citation or conviction date." DMV also explained that it was affirming the suspensions because, essentially, plaintiff had not established that any of the three defenses outlined in ORS 809.440(2)(b) applied to his case and because plaintiff had "submitted no evidence which would invalidate DMV's action." DMV recommended that plaintiff "contact the court to determine what [he] must do to clear" the docket numbers relating to his suspensions. Plaintiff apparently did not follow that recommendation but, instead, initiated proceedings in circuit court.

Although plaintiff filed a complaint for declaratory relief, the circuit court construed his complaint as a petition for judicial review in other than a contested case under ORS 183.484, and the matter proceeded on that basis. Before the circuit court, plaintiff argued, among other things, that DMV lacked authority to suspend his driving privileges a second time for his failure to pay the fines from 1996 and 1997 because those privileges already had been suspended for the maximum statutory period beginning in 1997. Plaintiff also argued that DMV had erred by not reaching that argument on administrative review.

DMV responded that plaintiff's argument regarding enforceability was really a challenge to the justice court's March 31, 2010, order (which required plaintiff to pay the old fines and predicted that his license would be suspended if he did not), not to DMV's administrative action. Accordingly, DMV argued, plaintiff should have appealed directly from the justice court's March 2010 order, and he could not collaterally attack the validity of that order in the DMV proceeding. DMV alternatively argued that it could not address plaintiff's argument because ORS 809.440(2)(b)

limits the scope of DMV's administrative review to a review for the three defenses listed in ORS 809.440(2)(b). Because plaintiff did not prove any of those defenses, DMV argued, it acted properly in affirming his suspensions.[5] The circuit court ruled in plaintiff's favor, and DMV appeals.

DMV first reiterates its "improper collateral attack" theory, arguing that the circuit court should not have reached the merits of plaintiff's challenge to the DMV suspension orders. Because plaintiff did not appeal directly from the March 31, 2010, justice court order that preceded the suspensions, DMV reasons, he should not have been allowed to challenge that order indirectly in a subsequent DMV license-suspension proceeding.

DMV's "collateral attack" theory is premised on its contention that plaintiff could have appealed the March 2010 justice court order and that the circuit court erred when it concluded otherwise. DMV makes a single argument in support of that contention: that the order was appealable under ORS 53.010. That statute provides:

"Any party to a judgment in a civil action in a justice court, other than a judgment by confession or for want of an answer, may appeal therefrom when the sum in controversy is not less than $30, or when the action is for the recovery of personal property of the value of not less than $30, exclusive of disbursements in either case, also when the action is for the recovery of the possession of real property under ORS 105.110."

We are not persuaded that plaintiff could have appealed the justice court order under ORS 53.010. That statute, by its terms, authorizes an appeal only from "a judgment" entered by a justice court. The parties and the circuit court consistently have referred to the justice court's March 2010 ruling as having taken the form of an order, not a judgment. Moreover, because DMV has not provided us with the exhibit that encompasses the justice court's ruling, *see* 253 Or App at 461 n 4, we cannot determine independently whether that ruling might have taken the

---

[5] DMV made additional arguments to the trial court that it does not renew on appeal.

form of a judgment, notwithstanding the repeated references to it as an order. Accordingly, DMV has not established that plaintiff could have appealed the justice court order under ORS 53.010 and, therefore, it has given us no reason to disturb the circuit court's rejection of its "improper collateral attack" theory.[6]

DMV's remaining arguments challenge the merits of the circuit court's review of DMV's administrative orders under ORS 183.484. We recently described the circuit court's task under that statute:

"Under ORS 183.484(5)(a), a reviewing court can 'affirm, reverse or remand the order.' If the court finds that the agency 'erroneously interpreted a provision of law and that a correct interpretation compels a particular action,' it may '[s]et aside or modify the order' or remand it 'to the agency for further action under a correct interpretation of the provision of law.' ORS 183.484(5)(a)(B). Remand is required if the agency's exercise of discretion is '[o]utside the range of discretion delegated to the agency by law;' inconsistent with an agency rule, official position, or practice, 'if the inconsistency is not explained by the agency'; or '[o]therwise in violation of a constitutional or statutory provision.' ORS 183.484(5)(b). Finally, the court may set aside or remand the order if it is not supported by substantial evidence. ORS 183.484(5)(c)."

*Ericsson v. DLCD*, 251 Or App 610, 620, 285 P3d 722 (2012) (brackets in *Ericsson*). "On review, this court reviews the circuit court judgment to determine whether it correctly assessed the agency's decision under those standards. For the most part, that means that the court directly reviews the agency's order under the standards set out in ORS 183.484(5)." *Id.* (citations omitted). Both before the circuit court and on appeal, the parties have disputed only the proper interpretation of the governing statutes; no agency findings or discretionary actions are at issue.

DMV's first argument on the merits relates to the scope of administrative review that it may conduct when a person challenges a license suspension. ORS 809.440

---

[6] DMV explicitly disclaims reliance on ORS 19.205(3), which provides that certain post-judgment orders may be appealed.

governs administrative review under those circumstances, providing for "an informal administrative process" that assures "prompt and careful review by the department of the documents upon which an action is based." ORS 809.440(2)(a). As noted earlier in this opinion, the statute further provides:

"It shall be a defense to the [suspension] action if a petitioner can establish that:

"(A) A conviction on which the department's action is based was for an offense that did not involve a motor vehicle and the department's action is permitted only if the offense involves a motor vehicle.

"(B) An out-of-state conviction on which the department's action is based was for an offense that is not comparable to an offense under Oregon law.

"(C) The records relied on by the department identify the wrong person."

ORS 809.440(2)(b).

DMV contends that the list of defenses quoted above is an exclusive list—that is, DMV argues that it can consider *only* those defenses, and no others, when it conducts administrative review of a suspension of a person's driving privileges. DMV challenges the circuit court's contrary determinations that (1) the ORS 809.440 review provisions give DMV "a heightened responsibility to be circumspect in implementing notices to suspend" and (2) the agency should "decline[] to implement the suspension" when the notice it receives from a court "is unlawful on its face," whether that determination is made promptly after DMV receives the notice or during the administrative-review process.

To determine whether ORS 809.440(2)(b) creates an exclusive list of defenses to DMV actions on administrative review, we engage in our usual mode of statutory construction, considering the text, context, and useful legislative history of the disputed statute. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Looking first to the text, we note that ORS 809.440(2)(b) states that it "*shall be a defense* to the department's action if a petitioner can establish" one of three listed defenses. (Emphasis added.) That provision does not prohibit DMV from considering additional defenses,

but merely describes three defenses that potentially are available in all cases subject to administrative review under ORS 809.440. *See Petersen and Petersen*, 132 Or App 190, 194, 888 P2d 23 (1994) (holding that ORS 25.280's provision that "the following criteria shall be considered" did "not clearly require the court to base a departure from the [presumptive child support guidelines] only on the criteria enumerated"). As we have recognized in other cases, the legislature knows how to write an exclusive list. *See, e.g., Oregonians for Sound Economic Policy v. SAIF*, 187 Or App 621, 630, 69 P3d 742, *rev den*, 336 Or 60 (2003) (explaining that the legislature "certainly knows how" to enact wording that communicates an intent that a statutory scheme be exclusive); *Langlotz v. Noelle*, 179 Or App 317, 322, 39 P3d 271, *rev den*, 334 Or 260 (2002) ("Had it wanted to write an exclusive list, the legislature could have done so with any of a variety of locutions."). If the legislature had wanted to forbid the consideration of other possible defenses, it easily could have done so by, for example, enacting a provision stating that it "shall be a defense *only*" if a licensee establishes one of the circumstances described in ORS 809.440(2)(b). As currently written, however, the legislatively enacted text does not expressly prohibit DMV from considering evidence of defenses other than the three listed.

Nor does the context of ORS 809.440(2) suggest a different conclusion. Other statutory provisions require DMV to consider matters beyond the three defenses listed in ORS 809.440(2)(b) when it reviews an ORS 809.415(4) suspension of driving privileges for failure to pay a traffic fine, including whether it has received notice from the fining court "showing that the person has paid the fine" and whether "10 years have elapsed." ORS 809.416(2). Indeed, the administrative-review statute requires DMV to conduct a "prompt and careful review * * * of the documents upon which an action is based," ORS 809.440(2)(a), in association with determining whether the person whose driving privileges may be suspended has met his or her "burden of showing by a preponderance of the evidence that the person is not subject to [that] action." ORS 809.440(2)(c). Those provisions confirm that DMV's administrative review is not limited to considering the ORS 809.440(2)(b) defenses.

Moreover, many types of Department of Transportation actions may result in administrative review under ORS 809.440(2), not just suspensions of driving privileges for failure to pay traffic fines. Considering just one example, ORS 807.173 provides that the department may cancel a commercial driver's license that carries a hazardous materials endorsement if the licensee does not pass a security threat assessment, "including receipt by the department of a notice from the federal Transportation Security Administration showing that the person does not pose a security threat." ORS 807.173(1)(a). A person whose license is canceled under that statute is entitled to administrative review under ORS 809.440. ORS 807.173(2). That administrative-review proceeding would be meaningful, in that context, not necessarily because any of the three ORS 809.440(2)(b) defenses would be available, but because the person whose commercial license was canceled would have an opportunity to show that he or she was "not subject to the action" under ORS 809.440(2)(c), perhaps because the person could provide the department with the Transportation Security Administration notice showing that he or she was not a security threat.

In short, the list of defenses in ORS 809.440(2)(b) is not exclusive, and it does not limit the issues that a person may raise on administrative review. Rather, a person who seeks administrative review under ORS 809.440(2) is entitled to raise any defense to the department's action that is capable of being proved through a "careful review *** of the documents upon which [that] action is based," ORS 809.440(2)(a), or any other evidence of a type that the pertinent statutes contemplate the department will consider (in the example above, an appropriate notice from the Transportation Security Administration). DMV's contrary argument is unavailing.

DMV argues, finally, that, even if it could have considered matters beyond the ORS 809.440(2)(b) defenses, it still would have suspended plaintiff's driving privileges because nothing in the pertinent statutes "prohibits *** DMV from imposing a repeat suspension" for a continuing failure to pay a traffic fine. Indeed, DMV asserts, even after a person's driving privileges have been suspended for

the statutory period for failure to pay a particular traffic fine, DMV may "issue a *second* 10-year suspension" for the person's ongoing failure to pay that same fine. (Emphasis added.) In that respect, too, we conclude that DMV has interpreted the law incorrectly.

Two statutes provide that a person's driving privileges may be suspended for 10 years if the person fails to pay a judicially imposed fine for a traffic offense. The first is ORS 809.415(4)(a), which provides:

"The department shall suspend driving privileges when provided under ORS 809.416. The suspension shall continue until the earlier of the following:

"(A) The person establishes to the satisfaction of the department that the person has performed all acts necessary under ORS 809.416 to make the person not subject to suspension.

"(B) Ten years from the date the suspension is imposed if the suspension is imposed for a reason described in ORS 809.416 (1) or (2) * * *."

The second statute specifying a 10-year suspension period is ORS 809.416(2), which provides:

"A person is subject to suspension under ORS 809.415(4) if the department receives notice from a court under ORS 809.210 that a person has failed to pay a fine or obey an order of the court. A person who is subject under this subsection remains subject until the person presents the department with notice issued by the court showing that the person has paid the fine or obeyed the order of the court or until 10 years have elapsed, whichever is earlier."

According to DMV, those statutes require it to suspend a person's driver's license for 10 years each time a court notifies it that a person has failed to pay a fine associated with a particular traffic offense, even when that results in multiple suspensions for the same unpaid fine. We disagree. Read in context, the two statutes quoted above contemplate a *maximum* 10-year suspension for failure to pay the fine associated with any given traffic offense.

Both ORS 809.415(4)(a) and ORS 809.416(2) incorporate a binary notion of when suspension of a person's driving privileges will end: *either* when the person pays his

or her traffic fines (ORS 809.415(4)(a)(A); ORS 809.416(2)) *or* when 10 years have elapsed (ORS 809.415(4)(a)(B); ORS 809.416(2)). Those two circumstances form the entire universe of possibilities: either the person pays the fines before 10 years have elapsed, thereby cutting short the possible suspension period, or the suspension lasts for a maximum of 10 years if the fines remain unpaid. Under DMV's interpretation of the statutes, however, the suspension of a person's driving privileges would not be limited by any provision of ORS chapter 809, but could continue indefinitely, as long as the court kept notifying DMV that the person still had not paid the traffic fines.[7] That interpretation of the statutes cannot be reconciled with the legislative intent to place a 10-year cap on the period of time for which a person's driving privileges may be suspended for failure to pay traffic fines. *Cf.* ORS 809.380(1) ("The period of suspension shall last as long as provided for that particular suspension by law."). We will not adopt a construction of the statutes that renders references to the 10-year suspension period meaningless. *See State v. Stamper,* 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005) ("[W]e assume that the legislature did not intend any portion of its enactments to be meaningless surplusage.").

Indeed, had the legislature intended, as DMV suggests, to allow a person's driving privileges to be suspended for as long as that person fails to pay his or her traffic fines, it could have drafted a statute that said so. That is, the legislature could have enacted a statute that did not reference any period of years, but stated simply that suspension "shall continue until the person has paid the fine." By enacting a statute providing, instead, that the suspension of a person's driving privileges ends when "10

___

[7] DMV does take the position that the effective duration of a suspension order would be limited by other statutes—the provisions of ORS 18.180 to 18.194 that specify when judgment remedies expire. Indeed, the purported expiration of judgment remedies is the basis on which the circuit court ruled that the 2010 suspension orders in this case were invalid—it determined that the suspensions impermissibly would continue past the expiration date for judgment remedies associated with the underlying traffic convictions. We express no view on that assessment, as we affirm the circuit court's judgment on other grounds. For similar reasons, we do not reach plaintiff's cross-assignment of error, in which he challenges certain aspects of the circuit court's "expiration of judgment remedies" analysis.

years have elapsed," even when the person's fines remain unpaid, the legislature has indicated its intent that a person's failure to pay a specific fine may result in his or her driving privileges being suspended for a *maximum* of 10 years. ORS 809.416(2).

Given our interpretation of the statutory provisions discussed above, a person's driving privileges remain subject to suspension for failure to pay traffic fines for a maximum of 10 years.[8] Consequently, a person can establish that he or she "is not subject to" a DMV suspension action for failure to pay a particular traffic fine if the person can show that his or her driving privileges already have been suspended for the maximum statutory period in association with the failure to pay that same fine. *See* ORS 809.440(2)(c) (the person seeking administrative review of a DMV action "has the burden of showing by a preponderance of the evidence that the person is not subject to the action"). DMV erred by not considering plaintiff's argument that he was not subject to the 2010 suspensions for that reason.

The only question that remains relates to the appropriate disposition in this case. On review, we "may affirm, reverse or remand the order." ORS 183.484(5)(a). Here, because the pertinent facts are undisputed, we see no reason to remand. As noted above, DMV has acknowledged that in "the 5 years between 1997 and 2003," it suspended plaintiff's driving privileges for "5 years total" in association with his failure to pay each of the 1996 and 1997 fines. Plaintiff agrees. Thus, it is undisputed that DMV already suspended plaintiff's driving privileges for the then-applicable five-year statutory period starting in the late 1990s. Accordingly, we hold that, as a matter of law, DMV lacked authority to suspend plaintiff's driving privileges again, in 2010, for his continued failure to pay the 1996 and 1997 fines. Like the circuit court, we conclude that the appropriate remedy is reversal of the 2010 suspension orders.

Finally, we note that the circuit court also ordered DMV to reinstate plaintiff's driving privileges. DMV has not argued that, even if the circuit court was correct in reversing

---

[8] As noted, before the legislature amended the pertinent statutes in 2007, the maximum suspension period was only five years. *See* 253 Or App at 459 n 2.

the 2010 suspension orders, it should not have required the agency to reinstate plaintiff's driving privileges. Accordingly, we do not disturb that aspect of the circuit court's judgment, either.

Affirmed.